1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  MARK A. FREGIA, | Case No. 1:20-cv-01024-DAD-EPG (PC) |
| 12                          Plaintiff, | ORDER VACATING FINDINGS AND RECOMMENDATIONS ENTERED ON |
| 13        v. | NOVEMBER 19, 2020, AND GRANTING PLAINTIFF LEAVE TO FILE A FIRST |
| 14  YUCUI CHEN, et al., | AMENDED COMPLAINT |
| 15 | (ECF No. 9) |
| 16                          Defendants. | |

17        Plaintiff Mark A. Fregia ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma*

18  *pauperis* in this action.

19        Plaintiff initiated this action on July 24, 2020, by filing a complaint alleging claims

20  against Dr. Yucui Chen, Lisa Gosso, Dr. Marcy Johnson, Dr. Tirath Gill, C. Cryer, and S. Gates

21  for violation of Plaintiff's constitutional rights under the First and Eighth Amendments related to

22  the discontinuation of Plaintiff's Effexor prescription resulting in painful withdrawals and

23  suicidal ideation. (ECF No. 1.) The Court screened Plaintiff's complaint and found that it stated a

24  cognizable claim against Defendant Gosso for deliberate indifference to serious medical needs in

25  violation of the Eighth Amendment. (ECF No. 6.) The Court also found that Plaintiff failed to

26  state any other claims. (*Id.*)

27        The Court gave Plaintiff thirty days to either: "a. File a First Amended Complaint; b.

28  Notify the Court in writing that he does not want to file an amended complaint, and instead wants

1

to proceed only on the claim against Lisa Gosso for deliberate indifference to serious medical needs; or c. Notify the Court in writing that he does not want to go forward on only the claims found cognizable by this order or file an amended complaint." (*Id.* at 12-13.) On November 2, 2020, Plaintiff filed his response to the Court's screening order. (ECF No. 7.) Plaintiff stated that he wanted to stand on his original complaint and requested that the Court issue findings and recommendations to a district judge consistent with the screening order. (*Id.*)

On November 19, 2020, the Court entered findings and recommendations recommending that this action proceed on Plaintiff's claims against Defendant Gosso for deliberate indifference to serious medical needs in violation of the Eighth Amendment and that all other claims and defendants be dismissed. (ECF No. 9.) Plaintiff was provided an opportunity to file objections to the findings and recommendations.

After being given an extension of time, Plaintiff filed his objections on February 8, 2021. (ECF No. 12.) In his objections, Plaintiff relies on factual allegations that were not included in Plaintiff's complaint. For example, Plaintiff alleges that even though Defendant Gosso intentionally misled Dr. Chen in order to get her to cancel Plaintiff's prescription for Effexor, Dr. Chen acted outside institutional and pharmaceutical protocols in doing so. (*Id.* at 2.) Dr. Chen had just renewed Plaintiff's prescription the previous day and knew the protocol for discontinuing Effexor at high doses using a "step down" method by gradually reducing the dosage to prevent painful withdrawal symptoms that could lead to suicidal ideation. (*Id.* at  2-3.) Dr. Johnson, in turn, was Plaintiff's psychologist/case manager and Plaintiff immediately notified her when his prescription was abruptly canceled. (*Id.* at 4.) Dr. Johnson failed to take proper action to the urgent nature of Plaintiff's medication problem, refused to contact Dr. Chen, and refused to make an emergency referral to someone qualified to properly address the problem. (*Id.*) Dr. Johnson was not qualified to decide that Plaintiff's problem did not require immediate attention, yet she told Plaintiff that he would have to wait until Dr. Chen returned in three days. (*Id.*)

Plaintiff's objections contain new factual allegations that were not included in the original complaint. (*See* ECF No. 1.) These factual allegations may be relevant to whether Plaintiff is able to state a claim for deliberate indifference to serious medical needs against Dr. Johnson and Dr.

Chen.  However, the Court cannot consider factual allegations in Plaintiff's objections in deciding whether Plaintiff has stated any legal claims.

The Court will therefore vacate the findings and recommendations entered on November 19, 2020, and grant Plaintiff leave to file an amended complaint.  If Plaintiff chooses to file an amended complaint, he should include all factual allegations against Dr. Johnson and Dr. Chen related to his claim for deliberate indifference to serious medical needs.  He should also include all factual allegations and claims against other defendants that were already found cognizable.  If Plaintiff does not include facts in his amended complaint, they will not be considered in determining if Plaintiff's amended complaint states any claims.

If Plaintiff files an amended complaint, the Court will screen that complaint in due course.  Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Additionally, Plaintiff is advised that an amended complaint supersedes the original complaint, *Lacey v. Maricopa County*, 693 F.3d. 896, 907 n.1 (9th Cir. 2012) (*en banc*), and must be complete in itself without reference to the prior or superseded pleading, Local Rule 220.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.  The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations entered on November 19, 2020 (ECF No. 9) are VACATED;

2. The Clerk of Court shall send Plaintiff a civil rights complaint (prisoner complaint form); and

\\\
\\\
\\\
\\\
\\\

3. Within thirty (30) days from the date of service of this order, Plaintiff may file a First Amended Complaint. Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:20-cv-01024-EPG.

IT IS SO ORDERED.

Dated:   **February 17, 2021**           /s/ _Erica P. Grosjean_

UNITED STATES MAGISTRATE JUDGE