UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK A. FREGIA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>YUCUI CHEN, et al.,<br><br>　　　　　Defendants. | No. 1:20-cv-01024-DAD-EPG (PC)<br><br>SCREENING ORDER<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION PROCEED ON PLAINTIFF'S CLAIMS AGAINST DEFENDANTS GOSSO, JOHNSON AND CHEN FOR DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS IN VIOLATION OF THE EIGHTH AMENDMENT AND AGAINST DEFENDANT GOSSO FOR RETALIATION IN VIOLATION OF THE FIRST AMENDMENT AND THAT ALL OTHER CLAIMS BE DISMISSED<br><br>(ECF No. 16)<br><br>TWENTY-ONE DAY DEADLINE |

　　　Plaintiff Mark A. Fregia ("Plaintiff") is a state inmate proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on July 24, 2020. (ECF No. 1). Plaintiff filed a first amended complaint ("FAC") on April 23, 2021. (ECF No. 16). The FAC, which is now before the Court for screening, brings claims against various medical providers for retaliation and deliberate indifference to serious medical needs.

///

1

For the reasons described below, the Court recommends that case proceed on Plaintiff's claims against (1) Defendants Lisa Gosso, Dr. Marcy Johnson, and Dr. Yuchui Chen for deliberate indifference to serious medical needs in violation of the Eighth Amendment, and (2) Defendant Gosso for retaliation in violation of the First Amendment. The Court recommends dismissing all other claims.

Plaintiff has twenty-one days from the date of service of these findings and recommendations to file any objections.

I. **SCREENING REQUIREMENT**

The Court is required to screen complaints brought by inmates seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the inmate has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). As Plaintiff is proceeding *in forma pauperis*, the Court may also screen the complaint under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (citation and quotation marks omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. *Iqbal*, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that pro se complaints should continue to be liberally construed after *Iqbal*).

## II. ALLEGATIONS IN THE COMPLAINT

The FAC alleges as follows:

### A. Claim 1: Deliberate Indifference to Serious Medical Needs and Retaliation

On January 24, 2018, Plaintiff had a telemedical consultation with Defendant Chen at California Substance Abuse Treatment Facility Corcoran. Plaintiff was then taking 225 mg of Effexor[1] to treat a Cluster B personality disorder. Defendant Chen renewed Plaintiff's prescription at that appointment and prescribed Vistaril for a sleep disorder. Defendant Gosso, a medical assistant, was also at this appointment. Defendant Gosso was then in training.

The next day, Plaintiff was called into the clinic lab. Plaintiff was told that the purpose of his appointment was to draw a blood sample. "Due to religious restrictions, Plaintiff told the Lab Tech that he could not consent to allowing his Blood to be drawn. He went on to discuss his religion with her and the reason that extraction of Blood was against the core beliefs of his faith." During that discussion, Defendant Gosso appeared and "rudely interjected with her uninvited opinions that turned into threats of withholding Plaintiff[']s medication of he would not consent to Labs." Defendant Gosso already harbored animosity to Plaintiff because Plaintiff had recently made a complaint against her. Plaintiff believed that Defendant Gosso showed up to meddle in affairs that were none of her concern to get back at him for his complaint.

At pill call that evening, Plaintiff was told that his medications, including Effexor, could not be dispensed. Plaintiff asked why and "was told that M.A. Gosso had e-mailed his doctor and had his medications discontinued" and that "Gosso had specifically told the doctor that the Plaintiff had 'requested to be taken off his meds.' " This was a lie.

Even if Plaintiff had requested to be taken off his meds, Defendant Gosso knew that protocol required a person be slowly weaned off Effexor to prevent painful withdrawal symptoms. Defendant Gosso intentionally used her position to retaliate against Plaintiff.

---

[1] Spelled "EFEXOR" in the FAC.

Defendant Gosso was familiar with Effexor and knew Plaintiff would begin to experience painful withdrawal symptoms within 24 hours of missing a dose.

That night, Plaintiff began suffering from withdrawal symptoms. In the morning, he had severe symptoms, including pain in his joints and muscles, a runny nose, headaches, and nausea. Defendant Gosso knew this would occur.

**B.     Claim 2: Deliberate Indifference to Serious Medical Needs**

Plaintiff's withdrawal symptoms included panic attacks. He made an emergency request to see his mental health case worker, Defendant Johnson. Plaintiff informed Defendant Johnson that he was not receiving his medication due to Defendant Gosso's lie and that he was having withdrawal symptoms. Plaintiff asked Defendant Johnson to contact Defendant Chen to reinstate his prescription. Defendant Johnson informed Plaintiff that Defendant Chen was gone for three days and there was nothing she could do. Plaintiff told Defendant Johnson about his withdrawal symptoms and asked for an emergency referral to any staff psychiatrist on duty who could reinstate the medicine. Defendant Johnson said Plaintiff would have to wait for Defendant Chen.

Plaintiff then informed Defendant Johnson that his withdrawal symptoms included suicidal thoughts. "All Dr. Johnson did was tell Plaintiff that he should try and hold on until Dr. Chen returned because she could not contact her while she was away from the facility and that as a PHD, she could not prescribe meds herself."

Because Plaintiff informed Defendant Johnson that he was suicidal, failing to contact his psychiatrist (Defendant Chen) or ordering Plaintiff into crisis management was contrary to mental health procedure. Plaintiff believed that Defendant Johnson was acting contrary to mental health procedure because she had been contacted by, and was acting in collusion with, Defendant Gosso. This inaction led to a rapid deterioration in Plaintiff's mental health to the point that he ended up in a crisis bed.

**C.     Claim 3: Deliberate Indifference to Serious Medical Needs and Supervisory Liability**

Under both the CDCR's and the manufacturer's protocols, people discontinuing Effexor must be weaned off the medication in 50-75 mg increments. Defendant Chen canceled Plaintiff's

4

prescription after being contacted by Defendant Gosso, who lied.

Only a psychiatrist, such as Defendant Chen, has the authority to cancel Plaintiff's prescription. Defendant Gosso had no such authority. Defendant Chen was derelict in her duties by allowing Defendant Gosso to cancel Plaintiff's medications with just a phone call. Defendant Chen knew of the problems with stopping Effexor suddenly and had seen Plaintiff the day before, thus knew Plaintiff was amenable to taking his medications. Defendant Chen did not follow protocol in weaning Plaintiff off Effexor through gradual reductions in his dose. After being contacted by Defendant Gosso, Defendant Chen did not examine Plaintiff or ask Plaintiff's psychologist or case worker to see Plaintiff. Defendant Chen made no effort at all to find out what Plaintiff's mental state was or what had brought on this sudden change in attitude regarding his medication.

Defendant Gosso is Defendant Chen's subordinate. It is Defendant Chen's responsibility to prescribe or cancel medications. Plaintiff's prescription could not have been canceled unless Defendant Chen authorized it. To let Defendant Gosso abuse the system and harm Plaintiff makes Defendant Chen complicit. "Plaintiff could not have been the victim of Defendant Gosso's retaliatory acts without her superior, Defendant Chen, being a willing, or unwilling accessory."

### III.     SECTION 1983

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979*)); see also Chapman v. Houston Welfare Rights Org*., 441 U.S. 600, 618 (1979); *Hall v. City of Los Angeles*, 697 F.3d 1059, 1068 (9th Cir. 2012); *Crowley v. Nevada*, 678 F.3d 730, 734 (9th Cir. 2012); *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. Cnty. of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark Cnty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Preschooler II*, 479 F.3d at 1183 (quoting *Johnson*, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

Additionally, a plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676-77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691, 695 (1978).

Supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of *respondeat superior* and, therefore, when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. *Iqbal*, 556 U.S. at 676-77; *Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978). To state a claim for relief under § 1983 based on a theory of supervisory liability, a plaintiff must allege some facts that would support a claim that the supervisory defendants either personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or

promulgated or "implement[ed] a policy so deficient that the policy itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation." *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (citations and internal quotation marks omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). For instance, a supervisor may be liable for his "own culpable action or inaction in the training, supervision, or control of his subordinates," "his acquiescence in the constitutional deprivations of which the complaint is made," or "conduct that showed a reckless or callous indifference to the rights of others." *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991) (internal citations, quotation marks, and alterations omitted).

## IV. ANALYSIS OF PLAINTIFF'S CLAIMS

### A. Deliberate Indifference to Serious Medical Needs in Violation of the Eighth Amendment

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). This requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) that "the defendant's response to the need was deliberately indifferent." *Id.* (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992)) (citation and internal quotations marks omitted), *overruled on other grounds by WMX Technologies v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (*en banc*).

Deliberate indifference is established only where the defendant *subjectively* "knows of and disregards an *excessive risk* to inmate health and safety." *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (emphasis added) (citation and internal quotation marks omitted). Deliberate indifference can be established "by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Jett*, 439 F.3d at 1096 (citation omitted). Civil recklessness (failure "to act in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known") is insufficient to establish an Eighth Amendment violation. *Farmer v. Brennan*, 511 U.S. 825, 836-37 & n.5

(1994) (citations omitted).

A difference of opinion between an inmate and prison medical personnel—or between medical professionals—regarding appropriate medical diagnosis and treatment is not enough to establish a deliberate indifference claim. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989); *Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004). Additionally, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106. To establish a difference of opinion rising to the level of deliberate indifference, a "plaintiff must show that the course of treatment the doctors chose was medically unacceptable under the circumstances." *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996).

Plaintiff alleges that Defendant Gosso caused Plaintiff's prescription for Effexor to be withheld and that Plaintiff suffered severe withdrawal symptoms. Plaintiff further alleges that this was contrary to protocol for Effexor and that Defendant Gosso knew that Plaintiff would suffer from withdrawal symptoms.

Plaintiff next alleges that Defendant Johnson knew that because Defendant Gosso had caused Plaintiff's prescriptions to be withheld, Plaintiff was having withdrawal symptoms, including suicidal thoughts. Plaintiff asked to receive a refill from Defendant Chen or an on-call psychiatrist. Contrary to protocol, Defendant Johnson neither permitted Plaintiff to see a psychiatrist nor ordered him into crisis management.

Plaintiff also alleges that Defendant Chen knew that Effexor's protocol required weaning Plaintiff off his medication and that she improperly ordered that his prescriptions be withheld. Plaintiff further alleges that he suffered withdrawal symptoms because Defendant Chen withheld the medicine.

The Court finds that, for screening purposes, the FAC states claims against Defendants Gosso, Johnson and Chen for deliberate indifference to Plaintiff's serious medical needs in violation of the Eighth Amendment.

///

**B.      Retaliation in Violation of the First Amendment**

A retaliation claim requires "five basic elements: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted); *accord Watson v. Carter*, 668 F.3d 1108, 1114-15 (9th Cir. 2012); *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009).

While prisoners have no freestanding right to a prison grievance process, *see Ramirez v. Galaza,* 334 F.3d 850, 860 (9th Cir.2003), "a prisoner's fundamental right of access to the courts hinges on his ability to access the prison grievance system," *Bradley v. Hall,* 64 F.3d 1276, 1279 (9th Cir.1995), *overruled on other grounds by Shaw v. Murphy,* 532 U.S. 223, 230 n.2 (2001). Because filing administrative grievances and initiating civil litigation are protected activities, it is impermissible for prison officials to retaliate against prisoners for engaging in these activities. *Rhodes,* 408 F.3d at 567.

Plaintiff alleges that Defendant Gosso caused Plaintiff's Effexor to be withheld because Plaintiff had filed a complaint against her. He also alleges that withholding the prescription was against CDCR and the manufacturer's protocol, and Defendant Gosso was aware that doing so would cause Plaintiff to suffer from withdrawal symptoms. Thus, the Court finds that, for screening purposes, the FAC states claims against Defendant Gosso for retaliation in violation of the First Amendment.

Plaintiff alleges that Defendant Chen was Defendant Gosso's superior. He also alleges that she personally participated in Defendant Chen's actions by causing Plaintiff's medications to be withheld. However, Plaintiff does not allege that that Defendant Chen knew of Defendant Gosso's improper retaliatory purpose. Plaintiff does not allege any facts showing that Defendant Chen acted in retaliation for Plaintiff filing a complaint against Defendant Gosso. Therefore, the Court finds that Plaintiff fails to state a claim against Defendant Chen for retaliation in violation of the First Amendment.

///

## V. CONCLUSION AND RECOMMENDATIONS

The Court has screened the FAC and finds that it states cognizable claims against Defendants Gosso, Johnson and Chen for deliberate indifference to serious medical needs in violation of the Eighth Amendment, and against Defendant Gosso for retaliation in violation of the First Amendment. The Court finds that FAC fails to state a claim against Defendant Chen for retaliation in violation of the First Amendment, which is the FAC's only other claim.

For the foregoing reasons, it is HEREBY RECOMMENDED that:

1. This case proceed on Plaintiff's claims against (1) Defendants Gosso, Johnson, and Chen for deliberate indifference to serious medical needs in violation of the Eighth Amendment, and (2) Defendant Gosso for retaliation in violation of the First Amendment; and

2. All other claims be dismissed.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within twenty-one (21) days after being served with these findings and recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **April 30, 2021**  /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE