UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK A. FREGIA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>YUCUI CHEN, et al.,<br><br>　　　　　Defendants. | Case No. 1:20-cv-01024-DAD-EPG (PC)<br><br>ORDER DENYING REQUESTS TO APPOINT COUNSEL AND EXPERT WITNESS<br><br>(ECF Nos. 46, 47) |

Plaintiff Mark A. Fregia ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.     REQUEST TO APPOINT EXPERT WITNESS**

On June 9, 2022, Plaintiff filed a request for appointment of an expert witness. (ECF Nos. 46.) Plaintiff contends that he has "been pursuing a reasonable resolution from the onset" but Defendants have refused to attend two settlement conferences. (*Id.* at 1.) Plaintiff "has survived summary judgment, at least in terms of himself waiving time, in hopes of resolving this matter without further burden to the court, and defendants have not attempted summary judgment on other claims in this action." (*Id.*) Plaintiff requests that the Court appoint an expert witness:

> that can provide Medical Testimony on Scientific facts and data, and medications, which are complex and can only be provided, through knowledge, training and experience ie, discontinuing or tapering off of Effexor, (large doses); withdraw symptoms; what the Physicians Desk Reference (P.D.R.) states in relation to

1

      Effexor, as well as the manufacture's recommendation, medical management policy, on discontinuing that medication states, etc.

(*Id.*) Plaintiff also states that he needs "an expert in the field of psychology, to offer testimony on the clinical effects, caused by the deliberate indifference, which led to cruel and unusual punishment as well as mental anguish, to the plaintiff." (*Id.* at 2.)

      Plaintiff argues that he does not have meaningful access to the courts or a fair trial without appointment of an expert witness, and he cannot pay for one because he is indigent. (ECF No. 46 at 2, 4.) Additionally, the expert "can also act as a mediator and give honest opinion about the ends of justice being served by a compromise by both parties." (*Id.* at 4.) Plaintiff further requests "leave from any other pretrial scheduling until the completion of the issues at hand." (*Id.* at 2.)

      The Court has the discretion to appoint an expert pursuant to Rule 706(a) of the Federal Rules of Evidence. *See Walker v. American Home Shield Long Term Disability Plan*, 180 F.3d 1065, 1071 (9th Cir. 1999). In relevant part, Rule 706(a) states that, "[o]n a party's motion or on its own, the court may order the parties to show cause why expert witnesses should not be appointed . . .." Fed. R. Evid. 706(a). While the Court has the discretion to appoint an expert and to apportion costs, including the apportionment of costs to one side, Fed. R. Evid. 706(c)(2); *Ford ex rel. Ford v. Long Beach Unified School Dist.*, 291 F.3d 1086, 1090 (9th Cir. 2002), Rule 706 is not a means to avoid the *in forma pauperis* statute's "prohibition against using public funds to pay for the expenses of witnesses," *Manriquez v. Huchins*, 2012 WL 5880431, at *12 (E.D. Cal. 2012), nor does Rule 706 "contemplate court appointment and compensation of an expert witness as an advocate for one of the parties," *Faletogo v. Moya*, 2013 WL 524037, at *2 (S.D. Cal. 2013).

      "Where a party has filed a motion for appointment of a neutral expert under Rule 706, the court must provide a reasoned explanation of its ruling on the motion. Several factors guide the court's decision. First, and most importantly, the court must consider whether the opinion of a neutral expert will promote accurate fact finding. The court may also consider the ability of the indigent party to obtain an expert and the significance of the rights at stake in the case. Expert witnesses should not be appointed where they are not necessary or significantly useful for the trier of fact to comprehend a material issue in a case." *Johnson v. Cate*, 2015 WL 5321784, at *2 (E.D.

2

Cal. 2015) (citations omitted).

Plaintiff's request for appointment of an expert witness will be denied without prejudice. First, Plaintiff has failed to show that an expert is "necessary or significantly useful for the trier of fact to comprehend a material issue in [this] case." *Johnson*, 2015 WL 5321784, at *2.  As Plaintiff only explains how an expert will benefit his case. He does not explain how a neutral expert would assist the Court or the jury in comprehending a material issue in this case.

Second, Plaintiff appears to be requesting that the Court appoint an expert for him—not a neutral expert. (*See* ECF No. 46.) Instead of explaining how a *neutral* expert would promote accurate fact finding, Plaintiff sets out what he believes he needs to prove in order to prevail and why he needs an expert to prove those things. Appointing an expert witness to assist Plaintiff in the preparation of his case would be an improper use of Rule 706(a). *Faletogo*, 2013 WL 524037, at *2 (S.D. Cal. 2013) (Rule 706(a) "does not contemplate court appointment and compensation of an expert witness as an advocate for one of the parties.").

## II.     REQUEST TO APPOINT COUNSEL

On June 9, 2020, Plaintiff also filed a request for appointment of counsel concurrently with his request for appointment of an expert witness. (ECF No. 47.) Plaintiff argues that "at least logistically he has survived Defendant's Motion for Summary Judgment due to there being claims Defendants have not attempted to challenge in that way, to date." (*Id.* at 2.) Plaintiff believes appointment of counsel is necessary to "extract testimony and provide essential Impartial Medical Testimony" regarding complex medical facts. (*Id.* at 2-3.) Additionally, "[independent] legal advisors can mediate or resolve administratively many prisoners complaints that would otherwise burden the courts. Can also evaluate and advise/convince parties in a practical manner on claims." (*Id.* at 3.) Due to the medical issues in this case, Plaintiff needs counsel that can "intelligently, and vigorously cross examine, experts, in a way that the court and jury can understand." (*Id.* at 4.) It is difficult for Plaintiff to access the law library and submit hand copied documents for filing. (*Id.*) In addition, Plaintiff asks for "leave from further scheduling orders, until potential experts can be questioned about information which would both, go into their report and be cross examined about at trial." (*Id.* at 4-5.)

///

3

Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds*, 154 F.3d 952 (9th Cir. 1998), and the Court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1), *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to § 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

The Court will not order appointment of pro bono counsel at this time. The Court has reviewed the record in this case, and at this time the Court is unable to make a determination that Plaintiff is likely to succeed on the merits of his claims. Moreover, it appears that Plaintiff can adequately articulate his claims.

Plaintiff's motion argues that he has "survived" summary judgment "due to their being claims Defendants have not attempted to challenge[.]" (ECF No. 47 at 2.) The Court notes that Defendants' motion for summary judgment on certain claims is still pending. Plaintiff is not precluded from renewing his motion for appointment of pro bono counsel following a ruling on the motion for summary judgment or at a later stage of the proceedings if he so chooses.

Likewise, the Court will deny Plaintiff's requests for "leave" from further scheduling, which the Court construes as a request to vacate or extend the deadlines in the Scheduling Order. (*See* ECF Nos. 36, 46-47.) Plaintiff has not established good cause for modifying the Scheduling Order in this case.

### III. CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ODERED that:

1. Plaintiff's request for appointment of an expert witness (ECF No. 46) is denied;
2. Plaintiff's request for appointment of counsel (ECF No. 47) is denied; and

4

3. Plaintiff's requests for leave from scheduling, construed as a request to modify or vacate the Scheduling Order, (ECF Nos. 46, 47) is denied.

IT IS SO ORDERED.

Dated: **June 13, 2022**　　　　　　　　　　/s/ *Erica P. Grosjean*
　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE