UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK A. FREGIA,<br><br>          Plaintiff,<br><br>     v.<br><br>YUCUI CHEN, et al.,<br><br>          Defendants. | Case No. 1:20-cv-01024-ADA-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S SECOND MOTION FOR AN ORDER UNDER THE ALL WRITS ACT BE DENIED<br><br>(ECF No. 80)<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS<br><br>ORDER ALLOWING PLAINTIFF TO FILE LIST OF MISSING DOCUMENTS AND/OR CATEGORIES OF MISSING DOCUMENTS WITHIN THIRTY DAYS |

Mark A. Fregia ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

On November 28, 2022, Plaintiff filed what the Court construes as motion for an order under the All Writs Act, alleging that legal property relevant to this case was illegally confiscated and destroyed. (ECF Nos. 60 & 70). That motion is awaiting further briefing. (ECF No. 79).

On February 2, 2023, Plaintiff filed what the Court construes as a second motion for an order under the All Writs Act. (ECF No. 80). This motion is now before the Court. For the reasons described below, the Court will recommend that this motion be denied.

\\\

## I. PLAINTIFF'S MOTION

Plaintiff alleges that the mailroom will not issue him a CDCR Form 119 so that he can verify his outgoing and incoming mail, along with a prerequisite Trust Withdrawal form for the price of copies. Plaintiff requested the Form, but his request was denied. The denial stated that Plaintiff is not eligible for that printout until February.

Plaintiff further alleges that the Court granted Plaintiff's request for an extension of time to file a reply in an order signed on January 6, 2023. However, Plaintiff did not receive the order until January 19, 2023, which was after the extended deadline. The envelope containing the order was tampered with and purposefully rerouted by prison staff. This was done to sabotage Plaintiff's reply. Plaintiff assumed the extension would be granted and filed his reply within the extended deadline. However, as the reply was filed before he received the Court's order, he did not know that the Court directed him to identify the documents that are still missing. It was only through applying common sense that Plaintiff took the initiative to explain "the jist of that documentation" in his reply.

Plaintiff asks for an injunction preventing Warden Patrick Covello and his subordinates from engaging in all unlawful conduct against Plaintiff. In particular, Plaintiff asks the Court to order the Warden "and all relevant culprits" to stop unlawfully confiscating and destroying his property, to stop sabotaging his legal mail, to stop withholding 119 Forms, and to deliver his mail within the lawful period of four business days.

## II. LEGAL STANDARDS

Under the All Writs Act, federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). "The power conferred by the Act extends, under appropriate circumstances, to persons who, though not parties to the original action or engaged in wrongdoing, are in a position to frustrate the implementation of a court order or the proper administration of justice, and encompasses even those who have not taken any affirmative action to hinder justice." United States v. New York Tel. Co., 434 U.S. 159, 174 (1977) (footnote and citations omitted).

"Thus, use of the All Writs Act is appropriate in prisoner civil rights cases where non-

party correctional officials are impeding the prisoner-plaintiff's ability to litigate his pending action." Hammler v. Haas, 2019 U.S. Dist. LEXIS 48377, *3-4 (E.D. Cal., Mar. 22, 2019). See also Mitchell v. Haviland, 2015 U.S. Dist. LEXIS 109106, *5 (E.D. Cal., Aug. 18, 2015) ("Use of the All Writs Act is appropriate in cases where prison officials, not named as defendants, allegedly have taken action that impedes a prisoner's ability to litigate his case"); Lopez v. Cook, 2014 U.S. Dist. LEXIS 52198, 2014 WL 1488518 (E.D. Cal., Apr. 15, 2014) (issuing an order under the All Writs Act requiring prison officials to provide Plaintiff, who was in the Segregated Housing Unit for non-disciplinary reasons, with two contact visits with his counsel). However, "injunctive relief under the All Writs Act is to be used sparingly and only in the most critical and exigent circumstances," and only "if the legal rights at issue are indisputably clear." Brown v. Gilmore, 533 U.S. 1301, 1303 (2001) (citations and internal quotation marks omitted).

## III. ANALYSIS

The Court recommends denying Plaintiff's motion. "[I]njunctive relief under the All Writs Act is to be used sparingly and only in the most critical and exigent circumstances," Brown, 533 U.S. at 1303 (citation and internal quotation marks omitted), and Plaintiff has failed to show that such circumstances exist here.[1]

As to Plaintiff's request regarding 119 Forms, Plaintiff alleges that while his request for the printout was denied, he was told that he can get the requested printout in February. Plaintiff provides no explanation as to how this delay is preventing him from litigating this action.

As to Plaintiff's allegations regarding his legal mail being sabotaged, Plaintiff only alleges that he received one piece of mail late, Plaintiff submitted little to no evidence suggesting that it was done to sabotage this case, and there are no allegations suggesting that it negatively affected Plaintiff's ability to prosecute of this case. Plaintiff assumed the extension would be granted, and timely filed his reply. While Plaintiff alleges that he was without the Court's direction that he should identify the missing documents, Plaintiff states that he still explained "the jist of that

---

[1] To the extent Plaintiff is requesting a preliminary injunction, the Court finds that Plaintiff's motion should be denied because there is no claim proceeding in this case based on the allegations in the motion, and the motion is aimed at non-defendants. Pac. Radiation Oncology, LLC v. Queen's Med. Ctr., 810 F.3d 631, 633 (9th Cir. 2015). ("When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction.").

documentation." Thus, the delay in receiving mail did not prevent Plaintiff from litigating this action.[2] Moreover, the Court will give Plaintiff an opportunity to submit a list of missing documents and/or categories of missing documents that are relevant to this case.

As to Plaintiff's request for injunctive relief related to his property being illegally confiscated and destroyed, Plaintiff has already filed a motion regarding these allegations (ECF Nos. 60 & 70), and the Court will rule on that motion in due course. There was no need for Plaintiff to file a second motion regarding these allegations.

As Plaintiff has failed to show that this is a critical and exigent circumstance, and as injunctive relief under the All Writs Act is to be used sparingly, the Court will recommend that Plaintiff's motion be denied.

**IV. RECOMMENDATION AND ORDER**

Based on the foregoing, IT IS HEREBY RECOMMENDED that Plaintiff's motion for an order under the All Writs Act (ECF No. 80) be DENIED.[3]

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

\\\
\\\
\\\

---

[2] As to Plaintiff's assertion that the law requires him to receive his mail within four business days, Plaintiff does not cite to any law supporting this assertion, and the Court is aware of no such law.

[3] The Court is not making a recommendation regarding Plaintiff's allegations that legal property relevant to this case was confiscated and destroyed. These allegations are the subject of Plaintiff's first motion for an order under the All Writs Act (ECF Nos. 60 & 70), and that motion is awaiting further briefing.

4

Additionally, IT IS ORDERED that Plaintiff has thirty days from the date of service of this order to submit a list of missing documents and/or categories of missing documents that are relevant to this case, if he so chooses.

IT IS SO ORDERED.

Dated: **February 6, 2023**       /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE

5