UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK A. FREGIA,<br><br>        Plaintiff,<br><br>    v.<br><br>YUCHI CHEN, *et al.*,<br><br>        Defendants. | Case No. 1:20-cv-01024-ADA-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT PLAINTIFF'S MOTION FOR AN ORDER UNDER THE ALL WRITS ACT BE DENIED; AND THAT PLAINTIFF'S THIRD MOTION FOR AN ORDER UNDER THE ALL WRITS ACT BE DENIED<br><br>(ECF Nos. 60, 104).<br><br>OBJECTIONS, IF ANY, DUE IN FOURTEEN (14) DAYS<br><br>ORDER DENYING PLAINTIFF'S REQUEST TO STAY THIS CASE<br><br>(ECF No. 60).<br><br>ORDER DENYING PLAINTIFF'S MOTION TO DISQUALIFY DEFENDANTS' COUNSEL DUE TO CONFLICT OF INTEREST<br><br>(ECF No. 67).<br><br>ORDER GRANTING PLAINTIFF FINAL EXTENSION OF TIME TO RESPOND TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>(ECF No. 102). |

       Mark A. Fregia ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Before the Court is Plaintiff's motion

1

for an order under the All Writs Act (ECF No. 60) and Plaintiff's motion to disqualify Defendants' counsel due to conflict of interest (ECF No. 67). Plaintiff alleges that his legal mail and documents were destroyed, including all of the documents Plaintiff retained to prosecute this case. Plaintiff also requests that the Court disqualify the State Attorney General's office from representing Defendants due to an alleged conflict of interest. The matter was referred to the undersigned pursuant to 28 U.S.C. § 636 and Local Rule 302(c)(17). For the following reasons, the Court recommends that Plaintiff's motions be denied.

Additionally, the Court will give Plaintiff one final extension of time to respond to Defendants' motion for summary judgment, which has been pending since November 21, 2022. (*See* ECF No. 59). If Plaintiff fails to file an opposition by this new deadline, Defendants' motion may be granted or this case may be dismissed for failure to prosecute and failure to comply with a court order.

## I. BACKGROUND

This case proceeds on Plaintiff's Eighth Amendment deliberate indifference to a serious medical need claims against Defendants Gosso and Chen. (ECF Nos. 16, 17, 18, 49, 57, 58). Plaintiff's claims arise from the Plaintiff's medical treatment at California Substance Abuse Treatment Facility ("CSATF"). (*See* ECF No. 16). Defendants Gosso and Chen filed a motion for summary judgment on November 21, 2022. (ECF No. 59). Due to the pending motion regarding Plaintiff's legal documents, the Court has granted Plaintiff multiple extensions to respond to Defendants' motion. (*See* ECF No. 77, 99). On June 29, 2023, Plaintiff filed a third motion for a sixty-day extension of time to oppose Defendants' motion for summary judgment. (ECF No. 102).

### A. Plaintiff's Allegations

On November 11, 2022, Plaintiff filed a request for an emergency injunction and stay of this case. (ECF No. 60). Plaintiff's request alleges that on November 13, 2022, correctional officers destroyed all of Plaintiff's personal and legal property while Plaintiff was being evaluated in a suicide watch cell. According to Plaintiff, this was done with the intent to sabotage Plaintiff's ability to prosecute this case as well as another pending case in the Eastern District, *Fregia v. P.A. Miranda, et al.*, 1:21-cv-01068-JLT-BAM (E.D. Cal.). Plaintiff generally requests that the Court

direct Mule Creek State Prison staff to produce the property that was seized and destroyed. Plaintiff also seeks a stay of this case until Plaintiff's legal documents can be found and replaced.

In separate notice filed with the Court on November 29, 2022, Plaintiff represents that "[t]he notes and organization of those files alone, even when they are all resubmitted, would take approximately one year to prepare." (ECF No. 62, p.2). Plaintiff contends that he is prejudiced in his ability to prosecute this case and will continue to be prejudiced unless "the culprits are fully investigated, and when found liable, made to compensate Plaintiff for his losses." (*Id.*)

### B. The Warden's Response

The Court received Plaintiff's request for an injunction and construed the request as a motion for an order under the All Writs Act. On November 29, 2022, the Court issued an order requiring the Warden of Mule Creek State Prison to respond to Plaintiff's motion. (ECF No. 61). On December 13, 2022, Defendants filed a declaration by the Warden at Mule Creek State Prison, Patrick Covello. (ECF No. 62-1). Warden Covello's declaration states that:

> With the assistance of MCSP Litigation Coordinator, Santos, and as explained in detail below, I have determined that inmate Mark Fregia (CDCR No. G07230) has his property, including his legal documents and tablet, as well as appliances temporarily confiscated as the result of the disposition of a November 13, 2022 Disciplinary Hearing.

(*Id.*, p. 2). According to Warden Covello's declaration, Plaintiff received a Rules Violation Report (RVR) on October 30, 2022 due to his failure to respond to notices and present himself for his evening medication. (*Id.*) At the disciplinary hearing regarding Plaintiff's October 30, 2022 RVR, the disciplinary officer "imposed a disposition sanction of Privilege Group C for 30 days starting November 13, 2022, and ending December 13, 2022." (*Id.*) As a result, Plaintiff lost certain privileges, including the ability to access appliances, as was moved from Facility "A," Building 1 to Facility "A," Building 4. (*Id.*, p. 3). Warden Covello's declaration further states:

> 9. After the RVR hearing on November 13, 2020, it is my understanding that Mr. Fregia reported he was suicidal, and went to Mental Health Crisis Bed (MHCB) overnight located in Facility "C". When an inmate does not return to his cell the same day, his property is collected, inventoried, and stored in Receiving and Release (R&R) by correctional staff. When an inmate is released/returned to his housing unit, his property is returned within a reasonable time. Correctional staff use an Inmate Property Inventory Form 1083 to document inmate property packed, inventoried, and released.
>
> 10. Based on my review of the Inmate Property Inventory Form 1083, Officer Quezada inventoried and packed Mr. Fregia's property, including legal material, in 4 boxes on November 13, 2022. The reason documented for the inventory is

3

"suicidal." The form also shows that Officer Sunderland issued Mr. Fregia's property to him on November 30, 2022, and Mr. Fregia acknowledged receipt of the property on December 1, 2022. R&R staff released Mr. Fregia's property as soon as practical given staffing constraints. Attached as Exhibit "C" is a true and correct copy of the signed Inmate Property Inventory Form 1083.

(*Id.*)

### C. Plaintiff's Reply

Given Warden Covello's allegations that Plaintiff's property was returned, the Court ordered Plaintiff to file a reply to the Warden Covello's response. (ECF No. 65). On January 5, 2023, Plaintiff filed a request for an extension of time to file his reply.[1] (ECF No. 66). In this request, Plaintiff generally alleges that the RVR referred to by Warden Covello was fabricated. The Court granted Plaintiff's request and directed Plaintiff to respond to the Warden's allegations regarding Plaintiff's legal property and to identify the documents that are still missing. (ECF No. 68). The Court noted that "[t]o the extent Plaintiff is complaining about retaliation after requesting access to his documents and about being found guilty of a Rules Violation Report, a reply to the Warden's response is not the appropriate time to raise these allegations. If Plaintiff believes non-defendants have violated his civil rights, he may file separate action(s) against those defendants." (*Id.*, p. 2).

On January 17, 2023, Plaintiff filed his reply to Warden Covello's response. (ECF No. 70). Plaintiff's reply generally alleges that only some of his property was returned on December 14, 2022. Plaintiff alleges that several inmates witnessed correctional officers go into Plaintiff's cell and throw away Plaintiff's property with the help of an inmate helper. Plaintiff further alleges that he was coerced into signing the 1083 property form.

Plaintiff's reply also includes extensive allegations regarding the October 2022 disciplinary hearing and RVR, as well as a use of force incident that Plaintiff alleged occurred after Plaintiff was coerced into signing the 1083 property form. Plaintiff further alleges that Warden Covello and MCSP staff are liable for the confiscation, loss, and destruction of Plaintiff's property, which has prejudiced and sabotaged both this case and *Fregia v. Miranda, et al*, "beyond repair." (*Id.,* p. 5). Plaintiff requests an investigation into his claims and a determination

---

[1] In conjunction with this request, Plaintiff also filed a motion to disqualify defense counsel due to a conflict of interest. (ECF No. 67). The Court will address this motion further below.

4

that Warden Covello's failure to follow policies and procedures led to the confiscation, loss, and destruction of Plaintiff's property. Plaintiff also seeks monetary compensation. (*Id.*, p. 6).

Plaintiff identified the missing legal documents as: (1) seven expanding pocket files, which contained a total of 1,200 pages of legal documents, notes, and legal research notes; and (2) a fifty-six-quart storage bin, which contained approximately 5,000 pages of documents of importance to this case and *Fregia v. Miranda, et al*. (ECF No. 88, p. 3).

### D.    The Warden's Sur-Reply

The Court directed the Warden to file a sur-reply to Plaintiff's new allegations. (ECF No. 71). On March 21, 2023, the Warden filed a sur-reply. (ECF No. 91). The sur-reply addressed the allegations raised by Plaintiff's reply as follows:

> On November 13, 2022, Mr. Fregia stated that he was suicidal when he learned that he would have to move from Facility 'A' Building 1 to Building 4. (Covello Decl. at ¶¶ 6-8.) Mr. Fregia had been found guilty of an administrative rules violation resulting in his placement in Privilege Group 'C'. (Id. at ¶¶ 3-4.) At MCSP, inmates in Privilege Group 'C' are housed together in Building 4. (Id. at ¶ 4.) Plaintiff alleges that he cannot be placed on 'C' status without appearing before a classification committee, (ECF No. 70 at 2), but this is incorrect. (Covello Decl. at ¶ 4; Cal. Code Regs, tit.15, §§ 3314(e)(3), 3044(f)(1)(B).) When Mr. Fregia stated he was suicidal, he was first taken to a temporary holding cell in the program office, then went to Facility 'C', Building 13, and placed on continuous observation under a doctor's orders. (Covello Decl. at ¶¶ 8-9.)
>
> Mr. Fregia did not return to Facility 'A', Building 1 until the following day, November 14, 2022. (Id. at ¶ 9.) When an inmate does not return to his cell the same day, his property is inventoried, and sent to Receiving and Release ("R&R") for storage. (Id. at ¶ 10.) Mr. Fregia's property was inventoried by correctional officer Quezada, who signed the Inmate Property Inventory Form. (ECF No. 64-1 at 20; Covello Decl. ¶ 10.) Mr. Fregia's property was not inventoried and sent to R&R as a result of his 'C' status due to the outcome of his disciplinary hearing. (Id.) Mr. Fregia's property was sent to R&R because he did not return to Facility 'A', Building 1, the evening of November 13. (Id.) Mr. Fregia's tablet is not listed on the inventory because it is the property of ViaPath Technologies, not Mr. Fregia. (Id. at ¶ 11.) Mr. Fregia was not present for the inventory because he went to a higher level of care. (Id. at ¶ 10.) The inventory indicates four boxes. (ECF No. 64-1 at 20; Covello Decl. ¶ 10.)
>
> Mr. Fregia has submitted declarations from four different inmates alleging that they observed correctional staff discarding Mr. Fregia's property in the trash. (See generally, ECF No. 70 at 26, 29-32.) According to the content of the declarations, two of them were drafted by Mr. Fregia. (Id. at 30-31.) Contrary to some of the inmate declarations, documentation shows between 6:20 p.m. and 9:45 p.m. on November 13, 2022, Officers Williams and Quezada could not both have been

5

>packing Mr. Fregia's property in Building 1, because records show that Williams was conducting a continuous watch on Mr. Fregia in Building 13 from 6:20 p.m. to 7:45 p.m., until he was relieved by Quezada who took watch from 8:00 p.m. to 9:45 p.m. (Covello Decl. ¶ 9.) Plaintiff's allegations concerning missing property are unsubstantiated because the property inventory form shows that four boxes inventoried on November 13, 2022, were issued on November 30, 2022. (ECF No. 64-1 at 20; Covello Decl. ¶ 10.) Mr. Fregia also signed that he received his property marked on the inventory form, and dated his signature December 1, 2022. (Id.)
>
>On December 1, 2022, when correctional staff informed Mr. Fregia that he would still have to move to Facility 'A', Building 4, due to his 'C' status, he again stated he was suicidal. (Covello Decl. at ¶¶ 20-21.) Mr. Fregia alleges that when he was told to "cuff up" because of the statement, officers in the program office threw him to the floor, punched, and kicked him in the head and upper torso. (Covello Decl. at ¶ 32 e.; ECF No. 70 at 3-4.) Although Mr. Fregia asserts that this alleged used of force took place between 9:00 a.m. and 10:30 a.m., (Covello Decl. ¶ 23), medical records from a psychologist that saw Mr. Fregia at 12:15 p.m. do not document any such incident occurred. (Covello Decl. at ¶ 21.) In addition, there is no incident report, which is mandatory with use of force. (Id. at ¶ 23.) Had force been used there would be an 837 incident report for December 1, 2022. (Id.) Mr. Fregia was also evaluated by a nurse that day who documented no facial trauma, and no bruising, laceration or skin breakdown on a whole-body exam. (Id. at ¶¶ 24-26.)
>
>Mr. Fregia's allegations regarding his rules violation report, missing property, retaliation, and use of force are being investigated through the grievance process. (Id. at ¶¶ 32 b.-e.) To the extent Mr. Fregia claims lack of access to conduct legal research, (Id. at ¶¶ 32 d.), Mr. Fregia accessed the library between November 2022 and early February 2023 approximately four times. (Id. at ¶ 29.) There is no evidence to substantiate Mr. Fregia's claim that his legal documents were discarded on November 13, 2022. (Id. at ¶ 33.

(ECF No. 91, pp. 2-4). Defendants also state that they "have not and will not oppose an extension of time for Plaintiff to prepare and file an Opposition to Defendants' Motion for Summary Judgment, subject to the discretion and approval of this Court, which is the only imminent deadline in this case. In addition, Defendants will provide copies to Plaintiff of documents previously served by Defendants in this action, should Plaintiff identify any of these documents as missing." (*Id.* p. 7).

### E.     **Plaintiff's Supplemental Filings**

On April 25, 2023, Plaintiff file a motion for an extension of time to reply to the Warden's sur-reply. (ECF No. 96). The Court denied Plaintiff's motion, stating that "Plaintiff does not have a deadline to file a reply to the Warden's sur-reply because Plaintiff does not have permission to

file a reply." (ECF No. 97, p. 1). Plaintiff filed a response to the Warden's sur-reply on May 1, 2023. (ECF No. 100). Plaintiff filed "supplemental evidence" on June 5, 2023 (ECF No. 101) and July 5, 2023 (ECF No. 103). These unauthorized responses generally contend that the Warden has failed to refute Plaintiff's claims regarding his legal property.

## II.     MOTION FOR INJUNCTIVE RELIEF

Under the All Writs Act, federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). "The power conferred by the Act extends, under appropriate circumstances, to persons who, though not parties to the original action or engaged in wrongdoing, are in a position to frustrate the implementation of a court order or the proper administration of justice, and encompasses even those who have not taken any affirmative action to hinder justice." *United States v. New York Tel. Co.*, 434 U.S. 159, 174, 98 S.Ct. 364, 54 L.Ed.2d 376 (1977) (footnote and citations omitted).

"Thus, use of the All Writs Act is appropriate in prisoner civil rights cases where non-party correctional officials are impeding the prisoner-plaintiff's ability to litigate his pending action." *Hammler v. Haas*, 2019 U.S. Dist. LEXIS 48377, *3-4 (E.D. Cal., Mar. 22, 2019); *see also Mitchell v. Haviland*, 2015 U.S. Dist. LEXIS 109106, *5 (E.D. Cal., Aug. 18, 2015) ("Use of the All Writs Act is appropriate in cases where prison officials, not named as defendants, allegedly have taken action that impedes a prisoner's ability to litigate his case"); *Lopez v. Cook*, 2014 U.S. Dist. LEXIS 52198, 2014 WL 1488518 (E.D. Cal., Apr. 15, 2014) (issuing an order under the All Writs Act requiring prison officials to provide Plaintiff, who was in the Segregated Housing Unit for non-disciplinary reasons, with two contact visits with his counsel). However, "injunctive relief under the All Writs Act is to be used sparingly and only in the most critical and exigent circumstances," and only "if the legal rights at issue are indisputably clear." *Brown v. Gilmore*, 533 U.S. 1301, 1303, 122 S.Ct. 1, 150 L.Ed.2d 782 (2001) (citations and internal quotation marks omitted).

Plaintiff generally seeks a court order directing the Warden of Mule Creek State Prison to produce Plaintiff's legal work, which Plaintiff alleges was either destroyed or illegally confiscated in an effort to sabotage Plaintiff's litigation efforts in this case. The Court construes

this request as an order under the All Writs Act.

The Court finds that Plaintiff has failed to show that Defendants' supervisors or staff at Mule Creek State Prison are currently impeding his ability to litigate this action or that the legal rights at issue are indisputably clear. Although Plaintiff claims that he is unable to respond to Defendants' motion for summary judgment, he has not specifically identified which documents or pieces of evidence he is missing. Based on the Warden's declarations and exhibits (*see* ECF Nos. 64-1, 91-1), Plaintiff's allegations that he is missing a box of legal property appear to be unsubstantiated. The Warden has provided multiple declarations about efforts to investigate Plaintiff's property allegations and ensure Plaintiff has access to his legal property. (*See* ECF Nos. 64, 64-1, 91-1). And if in fact Plaintiff is correct that prison officials already destroyed certain documents, an order to prison officials would not correct that issue.

To the extent Plaintiff's request for relief alleges that individuals, not named as defendants in this case, have retaliated against Plaintiff in response to Plaintiff's institutional grievances, which are unrelated to the deliberate medical indifference claims at issue in Plaintiff's complaint, these allegations are beyond the Court's jurisdiction.[2]

In this case, however, Plaintiff has not met the requirements for the injunctive relief he seeks. Injunctive relief under the All Writs Act is to be used sparingly. Accordingly, the Court will recommend that Plaintiff's request be denied.

## III. MOTION TO STAY

District courts have broad discretion in deciding whether to stay a case. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). "Generally, stays should not be indefinite in nature." Dependable Highway Exp., Inc. v. Navigators Ins. Co., 498 F.3d 1059, 1066–67 (9th Cir. 2007). If a stay is especially long or its term is indefinite, a greater showing is required to justify

---

[2] Indeed, many of Plaintiff's filings regarding his pending motion for relief under the All Writs act seem to indicate that Plaintiff wishes to pursue a legal claim against those who he believes are responsible for the destruction or illegal confiscation of his legal property. Such a claim is not properly before this Court. If Plaintiff believes he has a claim for lack of access to the Courts based on destroying his property, he may file a new complaint in a different case asserting such a claim.

8

it. *Yong v. I.N.S.*, 208 F.3d 1116, 1119 (9th Cir. 2000). The moving party has the burden to show that a stay is appropriate. *Clinton v. Jones*, 520 U.S. 681, 708 (1997).

Plaintiff argues that he cannot respond to Defendants' motion for summary judgment without the missing legal property. However, Plaintiff does not specify why a stay of this action is necessary. As discussed above, Plaintiff has not specified which documents related to this action he is still missing, or how he will be prevented from litigating this case if they are not returned or replaced. The Court notes that if Plaintiff does not want to prosecute this case at this time, he may enter into a stipulation with Defendants to voluntarily dismiss this action or file a motion to voluntarily dismiss this action.[3] Accordingly, Plaintiff has failed to carry his burden of establishing the need to stay this action, and the motion is denied.

Moreover, Plaintiff has now had nearly eight months to oppose Defendants' motion for summary judgment. The Court does not see how a further stay will benefit the parties or the Court.

**IV.    MOTION TO DISQUALIFY COUNSEL**

On January 5, 2023, Plaintiff filed a motion to disqualify the Attorney General's office as counsel for Defendants. (ECF No. 67). Plaintiff requests that the Attorney General's office "remove itself as a represented party and allow defendants to find legal representation for themselves." (*Id.*, p. 4).

On January 9, 2023, the Court directed Defendants to file a response to Plaintiff's motion to disqualify Defendants' counsel due a conflict of interest. (ECF No. 69). On January 26, 2023, Defendants filed a response to Plaintiff's motion. (ECF No. 72). Defendants argue that Plaintiff's motion should be denied "because the Attorney General has a mandatory duty to represent state employees, defense counsel is not involved in the investigation, prosecution or defense of potential future defendants that Plaintiff alleges confiscated his property, and the Attorney General has not asserted the existence of a conflict of interest." (*Id.*, p. 2).

Plaintiff contends that the Attorney General's office cannot represent Defendants in this action because defense counsel created a conflict of interest by investigating Plaintiff's

---

[3] The Court takes no position on whether any claims would be barred by the statute of limitations if Plaintiff dismisses and then refiles this action.

allegations regarding Plaintiff's legal property and helping the Warden of Mule State Creek file a response. Plaintiff also argues that the Attorney General's office should be disqualified because it is responsible for prosecuting alleged crimes by state agency officials.

The Court finds no merit to Plaintiff's arguments that a conflict of interest exists in this case due to the Attorney General's representation of Defendants Chen and Gosso in this action and defense counsel's efforts to respond to Plaintiff's motion for injunctive relief. Although defense counsel is representing Defendants and prison officials, the Court does not identify a conflict of their interests in these matters to warrant disqualification. *See* Cal. Rule of Prof. Conduct 1.7(a) ("A lawyer shall not. . .represent a client if the representation is directly adverse to another client in the same or separate matter.").

Accordingly, Plaintiff's request is denied.

## V.    PLAINTIFF'S REQUEST FOR AN EXTENSION

On June 29, 2023, Plaintiff filed a request for a sixty-day extension of time to oppose Defendants' motion for summary judgment. (ECF No. 102). As previously discussed, Defendants' motion has been pending since November 21, 2022. (ECF No. 59). The Court granted Plaintiff several extensions to file a response to Defendants' motion while Plaintiff's motion for injunctive relief regarding his legal property remained pending. (*See* ECF Nos. 61, 77, and 99). The Court has now recommended that Plaintiff's motion regarding his legal property be denied.

Court will grant Plaintiff's request for an extension. However, this will be the final extension of Plaintiff's deadline to respond to Defendants' motion for summary judgment.

Local Rule 230(l) provides that the failure to oppose a motion "may be deemed a waiver of any opposition to the granting of the motion and may result in the imposition of sanctions." While a motion for summary judgment cannot be granted by default, *Heinemann v. Satterberg*, 731 F.3d 914, 916 (9th Cir. 2013), the Court does have other options when a party fails to respond. For example, if Plaintiff fails to respond, the Court may treat the facts asserted by Defendant as "undisputed for purposes of the motion." Fed. R. P. 56(e)(2). Alternatively, if Plaintiff fails to oppose the motion or file a statement of non-opposition, the Court may recommend that this case be dismissed for failure to prosecute and failure to comply with a court

order.

## VI.  PLAINTIFF'S THIRD MOTION FOR INJUNCTIVE RELIEF

On July 13, 2023, Plaintiff filed what the Court construes as Plaintiff's third motion for an order under the All Writs Act.[4] (ECF No. 81). Plaintiff's third motion generally alleges that the MCSP mailroom will not issue him a CDCR Form 119 so that he can verify his outgoing and incoming mail. Plaintiff also speculates that the reason why his requests for this form have been denied is because the mailroom is purposefully not sending out his mail, including Plaintiff's supplemental evidence and request for a sixty-day extension, which Plaintiff alleges he submitted on or about June 26, 2023. Plaintiff asks for an injunction ordering MCSP to provide Plaintiff with the legal log (Form 119) of all his outgoing and incoming mail from the last eighty days.

Plaintiff filed a similar motion on February 2, 2023, generally alleging that the MCSP mailroom was interfering with his legal mail and withholding the 119 log forms. (ECF No. 80). The Court issue findings and recommendations that Plaintiff's second motion for injunctive relief be denied, finding that Plaintiff failed to show how or why he was prevented from litigating this action because he did not have the 119 forms. (ECF No. 81, p. 4). The assigned district judge adopted the Court's recommendation on March 31, 2023. (ECF No. 93).

Here, as before, Plaintiff has failed to demonstrate that critical and exigent circumstances are preventing Plaintiff from litigating this action. *See Brown*, 533 U.S. at 1303 (citation and internal quotation marks omitted) ("[I]njunctive relief under the All Writs Act is to be used sparingly and only in the most critical and exigent circumstances[.]"). As for Plaintiff's allegation that his legal filings with this Court have not been submitted due to wrongful conduct, the Court notes that it has received both Plaintiff's supplemental evidence and Plaintiff's extension request. Moreover, Plaintiff does not explain why he cannot litigate this action without the 119 forms. Accordingly, the Court recommends that Plaintiff's third motion for injunctive relief also be denied.[5]

\\\

---

[4] This motion also includes further unauthorized argument and objections regarding Plaintiff's first motion for injunctive relief and motion to disqualify counsel, which the Court declines to address.

[5] Plaintiff's third motion for injunctive relief indicates that he intends to file a further motion related to these issues. (ECF No. 104, p. 3). Plaintiff is advised that the Court will not, in this case, further address issues regarding Plaintiff's requests for 119 forms. Indeed, the Court will consider such a request to be frivolous.

## VII. CONCLUSION AND FINDINGS AND RECOMMENDATIONS

Based on the foregoing, the Court HEREBY RECOMMENDS that:

1. Plaintiff's motion for injunctive relief under the All Writs Act (ECF No. 60) and Plaintiff's third motion for injunctive relief under the All Writs Act (ECF No. 104) be DENIED.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

## VIII. ORDER

Additionally, for the reasons discussed above, IT IS ORDERED that:

1. Plaintiff's request that the State Attorney General's Office be disqualified from representing Defendants (ECF No. 67) is DENIED;
2. Plaintiff's request for a stay of this case (ECF No. 60) is DENIED.
3. Plaintiff's request for an extension (ECF No. 102) is GRANTED as follows: Plaintiff shall file his opposition to Defendants' motion for summary judgment within sixty-days following the date of this order. However, no further extensions of time will be granted to this deadline. If Plaintiff fails to file his opposition by this extended deadline, the Court may grant the motion or recommend that this case be dismissed for failure to prosecute or obey a court order.[6]

IT IS SO ORDERED.

Dated: **July 14, 2023**                    /s/ Erica P. Grosjean
                                            UNITED STATES MAGISTRATE JUDGE

---

[6] Again, if Plaintiff believes prison officials interfered with his access to the courts, he may file a separate lawsuit making such a claim.