UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK A. FREGIA,<br><br>             Plaintiff,<br><br>       v.<br><br>YUCUI CHEN, *et al.*,<br><br>             Defendants. | No.  1:20-cv-01024-NODJ-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT PLAINTIFF'S MOTIONS FOR SANCTIONS, DEFAULT JUDGMENT, AND INJUNCTIVE RELIEF BE DENIED<br><br>(ECF Nos. 110, 116, 121, 131, 132, 133, 134, 138).<br><br><u>OBJECTIONS DUE IN 30 DAYS</u><br><br>ORDER GRANTING DEFENDANTS' MOTION TO STRIKE<br><br>(ECF No. 118).<br><br>ORDER REGARDING PLAINTIFF'S MISCELLANEOUS NON-DISPOSITIVE REQUESTS |

Mark A. Fregia ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.[1] Before the Court are several motions filed by Plaintiff requesting sanctions, default judgment, injunctive relief, and various other

---

[1] This case proceeds on Plaintiff's Eighth Amendment claims for deliberate indifference to a serious medical need against Defendants Gosso and Chen. (ECF Nos. 16, 17, 57, 58). On March 8, 2024, the Court issued findings and recommendations recommending that Defendants' motion for summary judgment be granted as to Defendant Chen but denied as to Defendant Gosso. (ECF No. 140). The findings and recommendations are pending before the assigned district judge.

1

miscellaneous relief. (ECF Nos. 110, 116, 121, 131, 132, 133, 134, 138). Defendants have also filed a motion to strike Plaintiff's supplemental briefing. (ECF No. 118).

For the foregoing reasons, the Court recommends that Plaintiff's requests for sanctions, injunctive relief, and default judgment be denied.

Further, the Court will grant Defendants' motion to strike, and deny Plaintiff's other non-dispositive requests as described below.

## I. BACKGROUND

This case has been pending since July 24, 2020. (ECF No. 1).

On November 21, 2022, Defendants Chen and Gosso filed a motion for summary judgment. (ECF No. 59). On November 28, 2022, Plaintiff filed a motion for emergency relief under the All Writs Act. (ECF No. 60). Plaintiff generally alleged that prison employees had sabotaged Plaintiff's litigation efforts by seizing and/or destroying Plaintiff's legal property. (*Id.*) Plaintiff requested an order requiring that his legal property be produced.[2]

Plaintiff subsequently filed a second motion for All Writs Act relief (ECF No. 80), which asked the Court to order prison officials and employees "to stop unlawfully confiscating and destroying his property, to stop sabotaging his legal mail, to stop withholding 119 Forms, and to deliver his mail within the lawful period of four business days," (ECF No. 81, p. 2). The Court recommended Plaintiff's second injunctive motion be denied, (ECF No. 81), and the Court's findings and recommendations were adopted on March 31, 2023, (ECF No. 93).

Plaintiff filed a third motion for All Writs Act relief on July 13, 2023. (ECF No. 104). On July 14, 2023, the Court issued findings and recommendations recommending that Plaintiff's first (ECF No. 60) and third (ECF No. 104) requests for injunctive relief under the All Writs Act be denied.[3] (ECF No. 107). In conjunction with the findings and recommendations, the Court also issued an order denying Plaintiff's motion to stay the case and motion to disqualify the Office of the Attorney General as defense counsel.[4] (ECF No. 107, p. 12).

---

[2] A detailed summary of Plaintiff's motion, as well as the responses from prison officials that were requested by the Court regarding Plaintiff's motion, can be found in the Court's findings and recommendations issued on July 14, 2023. (ECF No. 107, pp. 2-7).

[3] Plaintiff filed objections to the findings and recommendations, as well as the order denying Plaintiff's motion to disqualify counsel and the Court's past order denying Plaintiff's request for an evidentiary hearing, (ECF No. 76). Plaintiff's objections (ECF No. 113) are pending before the assigned district judge.

[4] Plaintiff subsequently submitted a second conflict of interest motion, i.e., motion to disqualify defense

After the findings and recommendations were issued, Plaintiff filed several additional motions seeking injunctive relief, sanctions, default judgment and other miscellaneous relief. (ECF Nos. 110, 113[5], 116, 121, 131, 132, 133, 134, and 138). These motions generally relate to Plaintiff's allegations underlying his prior requests for relief under the All Writs Act and motion to disqualify defense counsel. These motions also include further allegations against other third parties, including Eastern District Court officials. In support of his prior requests for injunctive relief, first motion to disqualify counsel, and sanctions, Plaintiff filed supplemental evidence. (ECF No. 115). Defendants filed a motion to strike Plaintiff's supplemental evidence. (ECF No. 118). Defendants also oppose Plaintiff's requests. (ECF Nos. 114, 120, 125, 126, 137, 139).

Thus, since this case has been pending, Plaintiff has filed a total of eleven motions for injunctive relief and sanctions. The undersigned issued findings and recommendations regarding Plaintiff's first three motions for All Writs Acts Relief, which recommended that Plaintiff's motions be denied, with full explanation and legal standards. (ECF Nos. 81, 107). Since July 2023, Plaintiff has filed another eight motions for declaratory relief and sanctions. The Court will briefly address each in turn, but refers to its earlier findings and recommendations for additional explanation related to these motions, which are substantially similar to motions already made and addressed by the Court.

**II.    DISCUSSION**

**A.    Defendants' Motion to Strike**

On August 22, 2023, Plaintiff filed supplemental evidence "for All Writs Act Relief, Conflict of Interest, and Request for Injunctive Relief motions; also to be applied as evidence to request for sanctions and monetary relief from Keith Holland, Sarah Singer, Erica Grosjean AND

---

counsel. (ECF No. 121, pp. 61-73). Defendants oppose. (ECF No. 125). Plaintiff filed a reply to Defendant's opposition to the second conflict of interest motion. (ECF No. 128). The Court denies Plaintiff' second motion to disqualify defense counsel for the same reasons identified in the Court's previous order. (*See* ECF No. 107, pp. 9-10).

[5] Attached to Plaintiff's objections to the Court's July 14, 2023 findings and recommendations is a separate filing titled "Plaintiff's Notice to State Bar Association of Misconduct by State Court Officials and Supplemental Request for Sanctions and Monetary Judgment." (ECF No. 113, pp. 6- 91). Plaintiff subsequently submitted an identical notice and request on September 25, 2023. (ECF No. 121, pp. 15-60). These filing are substantively similar to Plaintiff's other motions. To the extent these filings seek monetary sanctions, injunctive relief, and default judgment, they should be denied for same reasons identified in these findings and recommendations.

3

Dist. Judge Ana de Alaba; JLT & BAM and DAG William P. Buranich."[6] (ECF No. 115).

Plaintiff did not seek court approval to file a supplemental brief regarding his All Writs Act requests (ECF Nos. 60, 80, 104) or motion to disqualify (ECF No. 67), and Plaintiff's filing is not in response to new evidence raised by Defendants in any reply brief or a notice of supplemental authority. *See* E.D. Cal. L.R. 230(m). Plaintiff's supplemental filing raises evidence and arguments that are substantively identical to Plaintiff's other pending objections and motions for sanctions, injunctive relief, and default judgment. Accordingly, the Court will grant Defendants' motion to strike Plaintiff's supplemental briefing.[7]

### B.     Plaintiff's Motions

Plaintiff's numerous motions for injunctive relief, monetary sanctions, and default judgment are based on Plaintiff's allegations that nearly one dozen individuals have conspired to violate Plaintiff's rights, including the deputy attorneys general assigned as defense counsel in this case and in another case filed by Plaintiff in this district, *Fregia v. P.A. Miranda, et al.*, 1:21-cv-01068-JLT-BAM (E.D. Cal.) ("*Fregia II*"), the supervisors assigned to those attorneys, the State Attorney General, notaries working for the State Attorney General's Office, the Clerk of Court for the Eastern District, the magistrate judges and district judges assigned to both cases, and the Chief District Judge of the Eastern District.[8] (*See e.g.*, ECF Nos. 110, 113 at pp. 6- 91, 116, 121, 131, 133, 134, 138). Plaintiff generally alleges that defense counsel in this case and *Fregia II* conspired to file fraudulent documents in both cases, and that this misconduct was sanctioned by state and federal officials and employees.[9] (*Id.*) According to Plaintiff, "[c]ourt official[s] did sabotage and prejudice these cases beyond repair." (ECF No. 110, p. 7). Plaintiff seeks default judgment against several of these individuals, various injunctive orders to cure the misconduct, and monetary relief. (*See e.g.,* ECF No. 110, 116, 121, 131, 132, 133, 134). Plaintiff also asks the

---

[6] Plaintiff appears to refer to District Judge Jennifer L. Thurston and Magistrate Judge Barbara A. McAuliffe.

[7] Plaintiff submitted an opposition to Defendants' motion to strike. (ECF No. 121, pp. 11-14).

[8] Plaintiff also objects to the termination of Sarah E. Singer as counsel for Defendants. (*See* ECF No. 132). Plaintiff's objections are overruled.

[9] Plaintiff also generally alleges that defense counsel in this case and in *Fregia II* intentionally failed to inform the Court that the two case were related. This case and *Fregia II* do not involve the same parties (aside from Plaintiff), do not involve the same property, transaction, or event, and do not involve similar questions of fact. Accordingly, no court rule or order was violated.

Court to refer these issues to a settlement conference. (*Id.*) Plaintiff further requests permission to issue subpoenas *duces tecum* that would seek documents to prove Plaintiff's allegations regarding defense counsel, the State Attorney General's office, and Eastern District of California court officials.[10] (ECF No. 110, p. 5; ECF No. 116, p. 6). Plaintiff requests that this case and *Fregia II*, be stayed until these matters are resolved. (ECF No. 110, p. 5).[11]

Upon review of Plaintiff's motions and exhibits, the Court finds no evidence of fraud or misrepresentations of fact by any Defendant or counsel for Defendants in this case. *See* Fed. R. Civ. P. 11(b); Local Rule 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."). Nor does the Court find any evidence of "bad faith" conduct or "willful disobedience" of a court order by any Defendant, counsel for Defendant, or third-party individual. *See Chambers v. NASCO, Inc.,* 501 U.S. 32, 43 (1991); *Roadway Express, Inc. v. Piper,* 447 U.S. 752, 764–766 (1980). Accordingly, the Court recommends that Plaintiff's requests for sanctions be denied. *Adams v. California Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007) (district courts retain broad discretion to impose sanctions).

The Court also recommends that Plaintiff's requests for injunctive relief and default judgment be denied. To the extent that Plaintiff seeks injunctive relief against non-party state and federal officials and employees based on Plaintiff's allegations that these individuals conspired to violate Plaintiff's rights to prosecute this case, such claims are unrelated to the Eighth Amendment deliberate medical indifference claims against Defendants Chen and Gosso at issue in Plaintiff's operative complaint.[12] The Court "may not attempt to determine the rights of persons not before the court." *Zepeda v. U.S. I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1985) (as amended); *see also Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015) ("[T]here must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint."). Plaintiff's requests for

---

[10] Plaintiff does not seek evidence that is relevant to his claims at issue in this case. Accordingly, Plaintiff's requests to issue subpoena *duces tecum* are denied.
[11] Plaintiff's request for a stay is denied.
[12] For example, Plaintiff requests to "strip the Court['s] Cler[k], Keith Holland['s] certification in the event this matter is granted for monetary injunctive relief." (ECF No. 110, p. 5).

injunctive relief seek to expand the Eighth Amendment allegations and claims at issue in this case beyond the operative complaint to encompass unrelated allegations and claims against non-parties.[13] Such allegations and claims are not properly before this Court.[14] Thus, Plaintiff's requests for default judgment against non-party individuals based on those allegations and claims are also improper and should also be denied.

### III.   WARNING

Finally, the Court finds that Plaintiff's numerous and repetitive motions lack legal and factual basis. Such filings waste the Court's limited resources and delay the resolution of this action. The Court now formally warns Plaintiff that filing any additional baseless or repetitive motions, needlessly multiplying the proceedings, wasting judicial resources, or otherwise submitting filings in bad faith or for the purpose of harassment, may subject Plaintiff to sanctions notwithstanding his IFP status. *Islamic Shura Council of So. Cal. v. F.B.I.*, 757 F.3d 870, 872 (9th Cir. 2014) (per curiam) (*quoting Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990)) ("Rule 11 is intended to deter baseless filings in district court and imposes a duty of 'reasonable inquiry' so that anything filed with the court is 'well grounded in fact, legally tenable, and not interposed for any improper purpose.'").

### IV.   CONCLUSION, RECOMMENDATIONS AND ORDER

Based on the foregoing, the undersigned HEREBY RECOMMENDS that:

1. Plaintiff's motions for sanctions, injunctive relief, and default judgment (ECF Nos. 110, 116, 121, 131, 132, 133, 134, 138) be DENIED.

These Findings and Recommendations are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, any party may file written objections with the court and serve a copy on all parties. Such a document should be

---

[13] Plaintiff also seeks a court ordered settlement conference between himself and non-party individuals. Such a request is improper because the non-parties are not part of this lawsuit. However, to the extent that Plaintiff seeks a court ordered settlement conference with Defendants Gosso and Chen, Plaintiff's request is denied without prejudice.

[14] Indeed, as Defendants point out, Plaintiff appears to allege that certain individuals are guilty of criminal violations. (*See* ECF No. 137, p. 3). Plaintiff may not bring claims for violations of criminal statutes as a private citizen in a civil suit.

captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Further, IT IS ORDERED that:

1. Plaintiff's second motion to disqualify defense counsel (ECF No. 121, pp. 61-73) is DENIED. Further, Plaintiff's objections to the termination of Sarah E. Singer as counsel for Defendants (*See* ECF No. 132) are OVERRULED.
2. Plaintiff's requests for subpoena *duces tecum* (ECF No. 110, p. 5; ECF No. 116, p. 6) are DENIED.
3. Plaintiff's request for a stay (ECF No. 110, p. 5) is DENIED.
4. Defendants' motion to strike (ECF No. 118) is GRANTED. The Clerk of Court is directed to strike Plaintiff's August 22, 2023 supplemental filing (ECF No. 118) from the docket.
5. Based on the notice filed by counsel for Defendants (ECF No. 129), the Clerk of Court is also directed to terminate Sarah E. Singer from the service list in this case.

IT IS SO ORDERED.

Dated: **March 29, 2024**                    /s/ Erica P. Grosjean
                                             UNITED STATES MAGISTRATE JUDGE