UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK A. FREGIA,<br><br>        Plaintiff,<br><br>    v.<br><br>YUCUI CHEN, *et al.*,<br><br>        Defendants. | Case No. 1:20-cv-01024-KES-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION FOR LIEN<br><br>(ECF Nos. 147, 149, 150)<br><br>OBJECTIONS, IF ANY,<br>DUE WITHIN THIRTY DAYS |

Plaintiff Mark Fregia is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. (ECF Nos. 4, 16). This case proceeds on Plaintiff's claims that Defendants Yuchui Chen and Lisa Gosso were deliberately indifferent to his serious medical needs by purportedly denying him medications while he was confined at the Substance Abuse Treatment Facility and State Prison (SATF) in Corcoran, California. (ECF Nos. 18, 57).

**I.    PLAINTIFF'S MOTION FOR LIEN**

On April 15, 2024, Plaintiff filed "Motion for Lien" (ECF No. 147), followed by largely identical "Notice of Lien" (ECF No. 149) and "Summary of Memorandum Points of Authorities in Support of Lien" (ECF No. 150) on April 17, 2024. With these filings, Plaintiff seeks to place a lien of $500,000 on the estate of Chief Judge for the United States Court for the Eastern District of California Kimberly Mueller under 28 U.S.C. § 1655 *et seq.*

These purported lien filings appear to be related to Plaintiff's objections (ECF No. 146 at 9) to the Court's findings and recommendations (ECF No. 142), in which he asserts he is entitled to damages of $500,000 against Judge Mueller. In their Reply to Plaintiff's objections, Defendants stated, "Because those accusations exceed the scope of this action, Defendants will not respond to those allegations unless specifically ordered by the Court." (ECF No. 148 at 3). The Court did not order Defendants to respond.

Plaintiff checked boxes on the Notice of Lien form that indicate that a lien is created by this notice under California Code of Civil Procedure Section 491.410 and Civil Code of Civil Procedure 708.410, *et seq.* (ECF No. 147 at 1). Plaintiff does not address these state statutes further: in the remainder of this notice, as well as two other accompanying filings, Plaintiff discusses only the federal statute 28 U.S.C. § 1965.

Plaintiff also checked the box stating that the lien is based on a right to attach order and an order permitting the creation of a lien. (*Id.*) In the section of the lien form requesting specific information about the case and money judgment, Plaintiff referenced "Feb. 12, 2024 refuse to answer" in *Fregia v. Miranda, et al.*, 1:21-cv-01068-JLT-BAM (E.D. Cal.) case. (*Id.*) The attached filing dated February 12, 2024, appears to be "Defendants' Response to Plaintiff's Request for Sanctions and Injunctive Relief" (ECF No. 139) filed in the instant case, *Fregia v. Chen*, 1:20-cv-01024-NODJ-EPG. In relevant part, the response states:

> On January 23, 2024, Plaintiff Mark Fregia (G-07230) filed his Request for Sanctions and Injunctive Monetary Relief of $500,000 against Chief Judge Kimberly J. Mueller. See ECF No. 138. . . .
>
> Defendants will not respond to this Request unless ordered by the Court. This is Plaintiffs fifth request for sanctions. Defendants have opposed Plaintiffs previous motions on the grounds that they are procedurally and substantively deficient.

(ECF No. 147 at 25).

## II.   ANALYSIS

28 U.S.C. § 1655 provides that, in an action to enforce a lien upon or claim to, or to remove an encumbrance, lien, or cloud upon the title to, real or personal property, the district

court may order an absent defendant to appear or plead by a certain day. This statute, however, may only may be used to enforce pre-existing liens. *See* 13F Fed. Prac. & Proc. Juris. § 3634 (3d ed.). "[B]efore this section [a predecessor to Section 1655] . . . may be successfully invoked by a litigant, three essential requisites must have been fulfilled: . . . (2) the proceeding must be in aid of some pre-existing claim, existing prior to the suit in question, and not a proceeding to create for the first time a claim to the property as the effect of the proceeding itself . . ." *Id.* (collecting cases and quoting *McQuillen v. Nat. Cash Register Co.*, 112 F.2d 877, 880 (4th Cir. 1940), cert. denied, 311 U.S. 695 (1940)). Judge Mueller is not a defendant in this proceeding and Plaintiff has not established that he has a pre-existing lien or judgment against her. Therefore, he cannot obtain a lien under the federal statute.

Cal. Code Civ. Proc. § 481.010 et seq. are California's attachment statutes, and § 491.410, titled "Lien in Pending Action or Special Proceeding in Which Defendant is Party—Procedure for Obtaining Lien by Notice of Lien," requires, inter alia, the filing of a copy of the right to attach order and a copy of an order permitting the creation of a lien under this article. *See* Cal. Code Civ. Proc. § 491.410(b). Cal. Code Civ. Proc. § 708.410(a) is titled "Entitlement to Lien in Pending Action or Proceedings—Procedure for Obtaining Lien by Notice of Lien," and states that a judgment creditor who has a money judgment against a judgment debtor who is a party to a pending action or special proceeding may obtain a lien under this article. Plaintiff's Notice of Lien does not attach any documents showing that he has complied with the attachment statutes or that he is a judgment creditor of Judge Mueller. The Feb. 12, 2024 filing Plaintiff did attach is neither a judgment nor an order authorizing the lien.

Accordingly, Plaintiff has not demonstrated that he is entitled to a lien under either federal law or California attachment statutes. For these reasons, the Court will recommend that his motion be denied.

The Court notes that Plaintiff's identical motion for lien filed as ECF No. 126 in *Fregia v. Miranda, et al.*, 1:21-cv-01068-JLT-BAM (E.D. Cal.) was denied as frivolous:

> After the magistrate judge issued the Findings and Recommendations, Plaintiff filed a motion for lien that purports to place a lien on the estate of Chief District Judge Kimberly J. Mueller. (Doc. 126.) A

> review of the motion demonstrates it is based on similar arguments raised in Plaintiff's motions for injunctive relief, sanctions, and default judgment. As the magistrate judge determined, such arguments and filings are frivolous and do not show an entitlement to relief.

Order Denying Plaintiff's Motion as frivolous, ECF No. 128 at 2, *Fregia*, 1:21-cv-01068-JLT-BAM (E.D. Cal. May 2, 2024).

The identical filing in this case is also frivolous. As the Court already stated in its Findings and Recommendations denying Plaintiff's motions for sanctions, default judgment, and injunctive relief in this case, "numerous and repetitive motions lack[ing] legal and factual basis . . . waste the Court's limited resources and delay the resolution of this action." (ECF No. 142 at 6). The Ninth Circuit has warned that "Rule 11 is intended to deter baseless filings in district court and imposes a duty of 'reasonable inquiry' so that anything filed with the court is 'well grounded in fact, legally tenable, and not interposed for any improper purpose.'" *Islamic Shura Council of So. Cal. v. F.B.I.*, 757 F.3d 870, 872 (9th Cir. 2014) (per curiam) (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990)).

### III. CONCLUSION AND ORDER

Based on the foregoing, **IT IS RECOMMENDED** that:

1. Plaintiff's motion for lien (ECF No. 147) be **DENIED**;
2. Plaintiff be warned that filing baseless or repetitive motions, needlessly multiplying the proceedings, wasting judicial resources, or otherwise submitting filings in bad faith or for the purpose of harassment, may subject Plaintiff to sanctions.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any objections shall be limited to no more than 15 pages including exhibits.

//

Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **November 11, 2024**              /s/ Erica P. Grosjean
                                                                    UNITED STATES MAGISTRATE JUDGE