1

2

3

4

5

6                          UNITED STATES DISTRICT COURT

7                          EASTERN DISTRICT OF CALIFORNIA

8

9    MARK A. FREGIA,                        No.  1:20-cv-01024-KES-EPG (PC)

10                    Plaintiff,

11            v.                            ORDER ADOPTING IN PART FINDINGS
                                            AND RECOMMENDATIONS AND
12   YUCUI CHEN, et al.,                    DENYING IN PART AND GRANTING IN
                                            PART DEFENDANTS' MOTION FOR
13                    Defendants.           SUMMARY JUDGMENT

14                                          (Docs. 59, 140)

15

16          Plaintiff Mark A. Fregia is a state prisoner proceeding pro se and in forma pauperis in this

17   civil rights action filed pursuant to 42 U.S.C. § 1983.  This case proceeds on plaintiff's claims

18   that defendants Yucui Chen and Lisa Gosso were deliberately indifferent to his serious medical

19   needs by purportedly denying him medications while he was confined at the Substance Abuse

20   Treatment Facility and State Prison (SATF) in Corcoran, California.  Defendants move for

21   summary judgment.  Doc. 59.

22          The magistrate judge issued findings and recommendations on March 8, 2024,

23   recommending that defendants' motion be granted to the extent that defendants request dismissal

24   of plaintiff's deliberate indifference claim against defendant Chen and denied to the extent that

25   defendants request dismissal of plaintiff's deliberate indifference claim against defendant Gosso.

26   Doc. 140 at 1-2.  The findings and recommendations provided the parties an opportunity to file

27   objections.  Plaintiff and defendants filed objections and responses to the filed objections.  Docs.

28   146, 148, 153, 159.

                                            1

In accordance with 28 U.S.C. § 636(b)(1), this Court has conducted a de novo review of this case and adopts in part the findings and recommendations.

**A. Defendant Chen**

The magistrate judge recommended that summary be granted as to defendant Chen. The magistrate judge found that, even when viewing the undisputed facts in the light most favorable to plaintiff, plaintiff failed to put forth sufficient evidence such that a reasonable jury could find in his favor. Doc. 140 at 8. In his objections to the findings and recommendations, plaintiff argues that Chen failed to follow CDCR procedures, that Chen should not have suspended plaintiff's medication as plaintiff could have refused his medication when it was administered, and that Gosso's testimony provides evidence that Chen and Gosso worked as a team to deprive inmates of their constitutional right to medical care. However, plaintiff largely renews arguments already properly addressed by the magistrate judge in the findings and recommendations. Further, the alleged failure to follow CDCR procedure is insufficient to establish an Eighth Amendment violation for deliberate indifference to medical needs.

Accordingly, the Court adopts in full the findings and recommendations as to defendant Chen. Defendants' summary judgment motion is granted to the extent that it seeks the dismissal of defendant Chen.

**B. Defendant Gosso**

With respect to defendant Gosso, the magistrate judge recommended that summary judgement be denied because there existed a genuine dispute of material facts.

Defendants filed objections to the findings and recommendations, arguing that the findings and recommendations improperly adopted plaintiff's version of the facts even though those versions of the facts were "blatantly contradicted" by plaintiff's sworn testimony and the written records. Doc. 153 at 2. Defendants challenge three presumptions as being unsupported by the evidence: "(1) Plaintiff had filed a complaint before the incident, (2) MA Gosso was aware of the complaint, and (3) MA Gosso lied about Plaintiff's refusal."

Defendants argue that plaintiff's formal grievance (a 602 grievance) was dated three days after the conduct at issue and therefore could not be the cause for Gosso allegedly lying about

2

plaintiff's refusal to take medications. *Id*. In response, plaintiff agrees that he had not filed a 602 grievance related to Gosso before the interaction at issue but argues that he did make a verbal complaint on the day that he had his medication renewed by Dr. Chen. *Id*. at 2-3, 9. Plaintiff explains that on January 24, 2018, Gosso had another party present throughout his consultation with Dr. Chen, which plaintiff did not recognize as CDCR staff. *Id*. at 3. Plaintiff states that he complained about the unidentified third party verbally and the verbal complaint is the reason that Gosso took adverse actions against him, including falsely reporting that he refused to take his medications. *Id*. at 3.

In the response to the objections, plaintiff also explains that the allegations in the complaint contain a typo which occurred because of a misunderstanding between plaintiff and his jailhouse lawyer.[1] *Id*. at 10. Plaintiff argues that these facts have been in evidence for years. *Id*. at 11. Plaintiff's argument as to the timing of defendants' argument is well taken. Defendants raise this alleged inconsistency in the first amended complaint for the first time in their objections to the findings and recommendations. Liberally construing the complaint, plaintiff alleged that he made a complaint against Gosso and that Gosso knew about the complaint prior to allegedly falsely reporting that plaintiff refused to take his medications. In support of their summary judgment motion, defendants indicated that plaintiff claimed he would file a grievance against everyone when he refused to take medications. Doc. 59-1 at 8. Notwithstanding the clarification by plaintiff as to the timing of the 602 grievance, the magistrate judge correctly found that there was a genuine issue of material fact as to whether plaintiff's complaint could have adversely influenced Gosso's conduct. The magistrate's judge's findings and analysis are otherwise supported by the record and proper analysis

Defendants also argue that summary judgment should be granted as to Gosso because plaintiff conceded that on January 25, 2018, he exercised his rights to refuse medications, "including labs." Doc. 153 at 4. In the first amended complaint, plaintiff alleges that Gosso lied

---

[1] The Court notes that the first amended complaint contains an allegation that Gosso "harbored animosity towards the Plaintiff over a complaint he had recently made against her." Doc. 16 at 5. The first amended complaint also alleges that Gosso was angry at plaintiff because he had filed a complaint against her several months earlier. Doc. 16 at 9.

and falsely reported that plaintiff had requested to be taken of his medications.  Doc. 16 at 5.  In response to defendant's objections, plaintiff indicates that he has "refused labs for years, without repercussions" and that he never requested to be taken off his medications.  Doc. 159 at 4.  The magistrate judge correctly found that there is a material dispute as to whether Gosso accurately reported to Dr. Chen that plaintiff refused to take medications.

Accordingly, the Court adopts the findings and recommendations as to defendant Gosso as set forth above.  Defendants' summary judgment motion is denied to the extent that is seeks the dismissal of defendant Gosso.

**Conclusion**

Having carefully reviewed the filings, including the objections and responses thereto, the Court adopts the findings and recommendations in part as described above.

Accordingly:

1. The findings and recommendations issued on March 8, 2024, Doc. 140, are ADOPTED IN PART;

2. Defendants motion for summary judgment, Doc. 59, is granted in part and denied in part, as follows:

    a. Defendants are granted summary judgment to the extent that they seek dismissal of plaintiff's deliberate indifference claim against defendant Chen.

    b. Defendants are denied summary judgment to the extent that they seek dismissal of plaintiff's deliberate indifference claim against defendant Gosso.

3. This case shall proceed only on plaintiff's claim that defendant Gosso was deliberately indifferent to his serious medical needs.

4. This matter is referred back to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated:   March 26, 2025

_____
UNITED STATES DISTRICT JUDGE

4