UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK A. FREGIA, | Case No. 1:20-cv-01024-KES-EPG (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S REQUEST |
| *v.* | TO BE ALLOWED TO FILE CONFLICT OF INTEREST MOTION |
| YUCUI CHEN, *et al.*, | (ECF No. 186) |
| Defendants. | |

Plaintiff Mark Fregia is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.  (ECF Nos. 4, 16).  Plaintiff has filed a "Request to be allowed to file conflict of interest motion on Defendant's counsel," (ECF No. 186), arguing that Defendants' counsel is not able to represent them because Defendants are no longer California state employees.

For the reasons stated below, the Court will deny Plaintiff's "Request to be allowed to file conflict of interest motion on Defendant's counsel."

I.    **BACKGROUND**

**A.  Plaintiff's Previous Motion to Disqualify Defense Counsel**

Notably, Plaintiff previously filed a request to disqualify defense counsel.  (ECF. No. 67).  In that previous motion, filed January 1, 2023, Plaintiff claimed that defense counsel

1

should be disqualified because the Attorney General's office was also responsible for investigating misconduct or alleged crimes by state employees. (*Id.* at 1).

The Court denied Plaintiff's motion to disqualify the State Attorney General's Office for the following reasons:

> The Court finds no merit to Plaintiff's arguments that a conflict of interest exists in this case due to the Attorney General's representation of Defendants Chen and Gosso in this action and defense counsel's efforts to respond to Plaintiff's motion for injunctive relief. Although defense counsel is representing Defendants and prison officials, the Court does not identify a conflict of their interests in these matters to warrant disqualification. *See* Cal. Rule of Prof. Conduct 1.7(a) ("A lawyer shall not. . .represent a client if the representation is directly adverse to another client in the same or separate matter."). Accordingly, Plaintiff's request is denied.

(ECF No. 107 at 10).

Additionally, the District Judge denied reconsideration of this order. (ECF No. 144, at 2, fn 2) ("The magistrate judge's decision also included orders denying Plaintiff's request to disqualify the State Attorney General's Office . . . . To the extent Plaintiff's objections seek reconsideration of these orders, the Court has conducted a review of the orders pursuant to 28 U.S.C. § 636(b)(1)(A) and finds they were not clearly erroneous or contrary to law.")

**B.  Court's Previous Warnings**

Additionally, the Court has repeatedly warned Plaintiff against filing frivolous motions. *See, e.g.*, ECF No. 162 at 2 ("**Plaintiff is warned that filing baseless or repetitive motions, needlessly multiplying the proceedings, wasting judicial resources, or otherwise submitting filings in bad faith or for the purpose of harassment, may subject plaintiff to sanctions**." (emphasis in original)); ECF No. 163 at 2 ("The Court reiterates the warning to plaintiff in the findings and recommendations that the filing of any additional baseless or repetitive motions, needlessly multiplying the proceedings, wasting judicial resources, or otherwise submitting filings in bad faith or for the purpose of harassment, may subject plaintiff to sanctions notwithstanding his IFP status.").

\\\

\\\

2

### C. Plaintiff's Current Motion to Disqualify Defense Counsel

On June 27, 2025, Plaintiff filed a "Request to be allowed to file conflict of interest motion on Defendant's counsel." (ECF No. 186). In that motion, Plaintiff argues that Defendants' counsel is illegally representing Defendants because Defendants no longer work for CCHFC. (*Id.* at 1). Plaintiff asks the Court for permission to file a motion pertaining to this conflict of interest issue. (*Id.* at 1, 2).

Plaintiff states that he intends to submit reference to the following statutes in the motion: "28 U.S.C.S. §§ 2071, 2072, Rule Enabling Act; 28 U.S.C.S. 591-599; 28 U.S.C.S. § 592(c)." (*Id.* at 2).

Plaintiff also requests investigation of this matter by the state according to the mandates. (*Id.*).[1]

## II.    ANALYSIS

The Court will deny Plaintiff's request for leave to file a motion to disqualify defense counsel. It finds that there is no basis for Plaintiff's motion.

Plaintiff's motion is based on the fact that, although defendants worked for the state of California at the time of the underlying incidents and are being sued based on their conduct as California state employees, they no longer work for the state. Plaintiff claims that this presents a disqualifying conflict of interest.

The Court previously provided Plaintiff with the relevant test for a disqualifying conflict of interest: "A lawyer shall not. . .represent a client if the representation is directly adverse to another client in the same or separate matter." Cal. Rule of Prof. Conduct 1.7(a), cited at ECF No. 107 at 10. Plaintiff's motion has not shown, or indeed argued, that defense counsel's representation of defendants is directly adverse to counsel's representation of another client.

Moreover, Plaintiff's citations do not support Plaintiff's position. *See* ECF No. 186 at 2 (citing 28 U.S.C.A. § 2071 ("The Supreme Court and all courts established by Act of Congress

---

[1] Plaintiff's motion also states that this is "the last offer to settle this matter entirely for $28k." (*Id.*).

may from time to time prescribe rules for the conduct of their business. Such rules shall be consistent with Acts of Congress and rules of practice and procedure prescribed under section 2072 of this title."); 28 U.S.C.A. § 2072 ("The Supreme Court shall have the power to prescribe general rules of practice and procedure and rules of evidence for cases in the United States district courts (including proceedings before magistrate judges thereof) and courts of appeals."); 28 U.S.C.A. § 592 ("The Attorney General shall apply to the division of the court for the appointment of an independent counsel if-- (A) the Attorney General, upon completion of a preliminary investigation under this chapter, determines that there are reasonable grounds to believe that further investigation is warranted").

On the contrary, the State is entitled by statute to defend its former employees who have been sued for acts within the scope of their employment and request legal representation.  Cal. Gov't Code § 995 (providing that "upon request of an employee or *former* employee, a public entity shall provide for the defense of any civil action or proceeding brought against him . . . on account of an act or omission in the scope of his employment as an employee of the public entity." (emphasis added)).

Therefore, the Court finds no merit to Plaintiff's claim that the representation of defendants by the Attorney General presents a disqualifying conflict of interest.

## III.     CONCLUSION AND ORDER

Based on the foregoing, **IT IS ORDERED** that Plaintiff's "Request to be allowed to file conflict of interest motion on Defendant's counsel" (ECF No. 186) is **DENIED**.

Moreover, the Court finds that this motion is baseless and reiterates its warning that baseless and repetitive motions may subject Plaintiff to sanctions.

IT IS SO ORDERED.

Dated:   **July 28, 2025**                          /s/ *Erica  P.  Grosjean*
                                                    UNITED STATES MAGISTRATE JUDGE

4