UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK A. FREGIA,<br><br>            Plaintiff,<br><br>v.<br><br>YUCUI CHEN, *et al.*,<br><br>            Defendants. | Case No. 1:20-cv-01024-KES-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR THE COURT TO APPOINT AN EXPERT PSYCHIATRIST TO TESTIFY AT TRIAL<br><br>(ECF No. 190) |

      Plaintiff Mark Fregia (Plaintiff) is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. (ECF Nos. 4, 16). On July 30, 2025, Plaintiff filed a document entitled "Plaintiff's Expert Witness Disclosure and Request The Court Appoint An Expert Psychiatrist to Testify at Trial." (ECF No. 190). Plaintiff's motion requests that the Court appoint a medical expert to testify at trial regarding the difference between tapering off and immediately stopping a 225-milligram dose of Effexor. (ECF No. 190).

      For the reasons stated below, the Court will deny Plaintiff's motion.

**I.      BACKGROUND**

      **A.      Procedural History**

      Plaintiff filed his initial complaint on July 24, 2020. (ECF No. 1). After screening, Plaintiff was permitted to proceed on his claims against Defendants Gosso, Johnson, and Chen

for deliberate indifference to serious medical needs and against Defendant Gosso for retaliation.  (ECF Nos. 17 and 18).  Defendants subsequently filed two motions for summary judgment, which resulted in the dismissal of all claims except for Plaintiff's sole remaining claim against Defendant Gosso for deliberate indifference to serious medical needs for allegedly denying him medications while he was confined at the Substance Abuse Treatment Facility and State Prison (SATF) in Corcoran, California.  (ECF Nos. 57 and 164).

### B. Plaintiff's Motion for a Court-Appointed Medical Expert

In his motion, Plaintiff states he seeks the appointment of "an expert psychiatrist to testify at trial."  (ECF No. 190).  Specifically, Plaintiff argues that an expert is needed "because Dr. Chen nor M.A. Gosso followed C.D.C.R. and Physicians' Desk Reference (P.D.R.) policies and procedure for tappering [sic] off a long existing high dose of 225 mgs Effexor daily, as opposed to instantaneously." (ECF No. 190, at p. 2).  Plaintiff also argues that a court-appointed expert is necessary because he "has no ability to investigate such complex scientific evidence in a timely fashion," and an expert "will aid in his legal representation to cross examine defendants."  (ECF No. 190, at p. 4).

## II. LEGAL STANDARD

The Court has the discretion to appoint an expert pursuant to Rule 706(a) of the Federal Rules of Evidence.  *See Walker v. American Home Shield Long Term Disability Plan*, 180 F.3d 1065, 1071 (9th Cir. 1999).  Rule 706(a) states, "On a party's motion or on its own motion, the court may order the parties to show cause why expert witnesses should not be appointed and may ask the parties to submit nominations. The court may appoint any expert that the parties agree on and any of its own choosing."  Fed. R. Evid. 706(a).

Court-appointed experts are typically used in complex litigation to assist the finder of fact. *See Walker*, 180 F.3d at 1071 (appointing a physician expert witness where medical testimony was not "particularly clear"); *see also Wilkins v. Barber*, 562 F.Supp.3d 943, 945 (E.D. Cal. 2021) ("[C]ourt-appointed experts typically are used in complex litigation where the record is not clearly developed by the parties, and generally serve the purpose of aiding the court in understanding the subject matter at hand.").  Such experts are not appointed for the

purpose of serving as an advocate for one party. See *Faletogo v. Moya*, No. 12CV631 GPC WMC, 2013 WL 524037, at *2 (S.D. Cal. Feb. 12, 2013) ("Rule 706(a) of the Federal Rules of Evidence does not contemplate court appointment and compensation of an expert witness as an advocate for one of the parties."); *Brooks v. Tate,* No. 1:11-CV-01503 AWI, 2013 WL 4049043, at *1 (E.D. Cal. Aug. 7, 2013) ("Rule 706 is not a means to avoid the in forma pauperis statute and its prohibition against using public funds to pay for the expenses of witnesses. . . .").

**III.    ANALYSIS**

The Court will deny Plaintiff's motion for a court-appointed medical expert.

Although Plaintiff states he seeks the appointment of a neutral medical expert, Plaintiff's arguments demonstrate that he is actually seeking an expert who will assist him in presenting his case. Plaintiff argues an expert is necessary to assist his investigation of this case and to help him prepare for cross-examination. Plaintiff also seeks a medical expert to the effects when "protocols, policies, and procedures" are not followed, and "to explain how the dates and times do not add up or match when preparing that pharmacy data." (ECF No. 190, at pp. 7-8). Rule 706(a), however, does not contemplate the appointment of an expert to assist one party to the detriment of the other side. Moreover, a party is not entitled to a court-appointed expert.

Further, Plaintiff has not demonstrated that the appointment of an expert is necessary in the present case. This case is proceeding on a single claim against a single defendant. The sole medical basis Plaintiff raises in support of his motion is the difference in tapering off a 225-milligram dose of Effexor as opposed to stopping instantaneously. This is not an unduly complicated issue requiring the assistance of an expert witness to understand. Moreover, Plaintiff can testify directly as to the injuries he suffered.

Accordingly, Plaintiff's motion is denied.

\\\
\\\
\\\

## IV. CONCLUSION AND ORDER

Accordingly, **IT IS ORDERED** that Plaintiff's Request the Court Appoint an Expert Psychiatrist to Testify at Trial (ECF No. 190) is **DENIED**.

IT IS SO ORDERED.

Dated:   **August 8, 2025**                                /s/ Erica P. Grosjean
                                                                        UNITED STATES MAGISTRATE JUDGE