UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK A. FREGIA,<br>Plaintiff,<br>v.<br>CHEN, *et al.*,<br>Defendants. | Case No. 1:20-cv-01024-KES-EPG (PC)<br>ORDER DENYING PLAINTIFF'S SUPPLEMENTAL MOTION FOR ATTENDANCE OF WITNESSES<br>(ECF No. 198) |

Mark A. Fregia is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. On September 29, 2025, Plaintiff filed a Supplemental Motion for Attendance of Witnesses. (ECF No. 198).

For the following reasons, the Court will deny Plaintiff's Motion.

**I. BACKGROUND**

The Court issued a Second Scheduling Order on June 12, 2025. (ECF No. 182). The order provided procedures and deadlines for the case to proceed to trial.

That Order provided the following procedures to obtain the attendance of unincarcerated witnesses who refuse to testify voluntarily:

> If a prospective witness is not incarcerated, and he or she refuses to testify voluntarily, the witness must be served with a subpoena. Fed. R. Civ. P. 45. In addition, the party seeking the witness's presence must tender an appropriate sum of money for the witness. *Id.* In the case of an unincarcerated witness, the appropriate sum of money is the daily witness fee of $40.00 plus the witness's

> travel expenses. 28 U.S.C. § 1821. Because no statute authorizes the use of public funds for these expenses in civil cases, the tendering of witness fees and travel expenses is required even if Plaintiff was granted leave to proceed *in forma pauperis*.
>
> If Plaintiff wishes to obtain the attendance of one or more unincarcerated witnesses who refuse to testify voluntarily, Plaintiff must first notify the Court in writing of the name and location of each unincarcerated witness. The deadline to notify the Court of in writing of the name and location of each unincarcerated witness is **August 28, 2025**.
>
> The Court will then calculate the travel expense for each unincarcerated witness and notify Plaintiff of the amount(s).
>
> Plaintiff must then, for each witness, submit to the Court a money order made payable to the witness for the full amount of the witness's travel expenses plus the daily witness fee of $40.00. The subpoena will not be served upon the unincarcerated witness by the United States Marshals Service unless the money order is tendered to the Court. The deadline to submit a money order to the Court is **September 26, 2025**.

On August 28, 2025, Plaintiff filed motion for extension of time (ECF No. 193), which the Court granted as follows:

> The deadline to file a motion for attendance of witnesses is extended to September 29, 2025. Any opposition to such motion shall be filed on or before October 20, 2025. Any reply to any opposition is due November 10, 2025. Also, the deadline to notify the Court in writing of the name and location of each unincarcerated witness is extended to September 29, 2025. The deadline to submit a money order for witness's travel expenses to the Court is October 29, 2025.

(ECF No. 194).

On September 2, 2025, Plaintiff filed a motion for attendance of witnesses. (ECF No. 195). Plaintiff provided the names of two attorneys with the Department of the Attorney General for the State of California, Lyndsay Crenshaw or Jiaye Zhou and Plaintiff claims that one of the two attorneys "will be in court representing the defendant [sic]." (ECF No. 195, p.2). Furthermore, Plaintiff states that because he is an indigent inmate, he can only pay for one of the named attorneys. (*Id.)* As such, Plaintiff states that he should not have to pay for the attorney who is appearing in Court and representing Defendant in trial and will use this attorney to avoid paying a mileage fee for travel. (*Id.*, p.4).

On September 9, 2025, the Court issued an order, highlighting the lack of clarity in

Plaintiff's request. The Court advised Plaintiff if he wished to inform the Court of his trial witnesses, the information may be included in his pretrial statement, due no later than November 14, 2025. (ECF No 196). Moreover, to the extent Plaintiff was seeking a court order at the time, the Court summarily denied such request. (*Id.*).

**II. PLAINTIFF'S SUPPLEMENTAL MOTION FOR ATTENDANCE OF WITNESSES**

On September 29, 2025, Plaintiff filed a supplemental motion for the attendance of witnesses (ECF No. 198). In the motion, Plaintiff states he is requesting an additional witness, for a total of three witnesses. Plaintiff claims that all witnesses at one time or another were employed at the Office of the Department of the Attorney General as "Deputy Attorney Generals and/or Supervisors at the D.O.J in San Diego, CA. and Defendants [sic] legal counsel." Plaintiff lists the three witnesses as: current Deputy Attorney Generals Lyndsay Crenshaw and Jiaya Zhou, and former Deputy Attorney General Sarah E. Singer. (ECF No. 198, p.1). Plaintiff requests that he be provided a "court subpoena to impeach without fee" because he is an "indigent Plaintiff who is also a prisoner with nothing to hide in regard to this lawsuit." (*Id.*, p.2).

Plaintiff's request for a trial subpoena for Sarah Singer does not comply with the Court's second scheduling order. Plaintiff does not include information regarding the location of the witness, so that the Court can calculate the travel expense for the witness. Nor does Plaintiff include a money order made payable to the witness for the witness's travel expenses plus the daily witness fee of $40.00.

Nor may the Court either waive this fee or pay it with Court funds. As the scheduling order explained, no statute authorizes the use of public funds for these expenses in civil cases.

\\\

\\\

\\\

\\\\

\\\

\\\

**III. CONCLUSION**

Accordingly, Plaintiff's Supplemental Motion for Attendance of Witnesses (ECF No. 198) is DENIED.

IT IS SO ORDERED.

Dated: **October 14, 2025**

/s/ Erica P. Grosjean

UNITED STATES MAGISTRATE JUDGE