UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK A. FREGIA, | No. 1:20-cv-01024-KES-EPG (PC) |
| Plaintiff, | |
| v. | ORDER DENYING PLAINTIFF'S MOTIONS FOR RECONSIDERATION |
| YUCUI CHEN, et al., | Docs. 192, 197, 207, 210 |
| Defendants. | |

Plaintiff Mark A. Fregia is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Plaintiff has filed objections to four pretrial rulings, which the Court construes as motions under Federal Rule of Civil Procedure 72(a) for reconsideration of the magistrate judge's non-dispositive orders. Specifically, plaintiff (1) objects at Doc. 192 to the magistrate judge's order, Doc. 191, denying his motion to appoint a court-appointed expert witness; (2) objects at Doc. 197 to the magistrate judge's minute order, Doc. 196, denying his motion for the attendance of witnesses; (3) objects at Doc. 207 to the magistrate judge's order, Doc. 201, denying his motion for a new scheduling order, continuance of the trial date, and for an extension of time to pay witness fees; and (4) objects at Doc. 210 to the magistrate judge's order, Doc. 203, denying his supplemental motion for the attendance of witnesses.

1  The Court has conducted a review of the relevant orders in accordance with the provisions of 28 U.S.C. § 636(b)(1)(A) and finds that they were not clearly erroneous or contrary to law. *See Security Farms v. Int'l Brotherhood of Teamsters*, 124 F.3d 999, 1014 (9th Cir. 1997) ("review under the clearly erroneous standard is significantly deferential, requiring a definite and firm conviction that a mistake has been committed").  For the reasons explained below, plaintiff's motions for reconsideration are denied.

**I.  LEGAL STANDARD**

A party may object to a magistrate judge's non-dispositive pretrial order within fourteen (14) days after service of the order. *See* Fed. R. Civ. P. 72(a). The magistrate judge's order will be upheld unless it is "clearly erroneous or contrary to law." *Id.*; 28 U.S.C. § 636(b)(1)(A). "This means that the Court will review the magistrate judge's factual findings for clear error and legal conclusions de novo." *Adidas Am., Inc. v. Fashion Nova, Inc.*, 341 F.R.D. 263, 265 (D. Or. 2022). The "clearly erroneous" standard applies to a magistrate judge's factual findings and discretionary decisions. *Comput. Econ., Inc. v. Gartner Grp., Inc.*, 50 F. Supp. 2d 980, 983 (S.D. Cal. 1999) (citing *Maisonville v. F2 Am., Inc.*, 902 F.2d 746, 748 (9th Cir. 1990)). "[R]eview under the clearly erroneous standard is significantly deferential, requiring a definite and firm conviction that a mistake has been committed." *Sec. Farms v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen & Helpers*, 124 F.3d 999, 1014 (9th Cir. 1997). The objecting party has the burden of showing that the magistrate judge's ruling is clearly erroneous or contrary to law. *In re eBay Seller Antitrust Litig.*, No. C 07-1882 JF (RS), 2009 WL 3613511, at *1 (N.D. Cal. Oct. 28, 2009).

**II.  ANALYSIS**

**A.  <u>Court-Appointed Expert Witness</u>**

On July 30, 2025, plaintiff filed a document entitled "Plaintiff's Expert Witness Disclosure and Request The Court Appoint An Expert Psychiatrist to Testify at Trial" requesting that the Court appoint a medical expert to testify at trial regarding the difference between tapering off and immediately stopping a 225-milligram dose of Effexor. Doc. 190. On August 8, 2025, the magistrate judge issued an order denying plaintiff's motion for a court-appointed expert,

1  finding that plaintiff had failed to establish a basis for a court-appointed expert witness under
2  Rule 706 and noting that plaintiff could testify as to his injuries.  Doc. 191 at 3.  On August 28,
3  2025, plaintiff filed a motion for reconsideration of the magistrate judge's order.  Doc. 192.
4        Plaintiff's motion for reconsideration does not meaningfully address the basis of the
5  magistrate judge's decision.  *Id.*  Plaintiff's assertions do not undermine the magistrate judge's
6  reasoning and do not satisfy plaintiff's burden to show that the challenged order was clearly
7  erroneous or contrary to law.  The magistrate judge correctly applied the legal standard under
8  Federal Rule of Evidence 706 in concluding that a court-appointed expert was not warranted.
9  Plaintiff's disagreement with the scheduling of expert disclosures—like the other extraneous
10 matters raised in his motion—does not undermine that determination.
11       **B.**    <u>**Attendance of Witnesses**</u>
12       On September 2, 2025, plaintiff filed a motion for the attendance of witnesses.  Doc. 195.
13 Plaintiff stated that he would like to submit the name of only one of the two witnesses that he was
14 requesting (both of whom are Deputy Attorney Generals who are counsel for defendant Gosso in
15 this case), until he could be given the name of which legal representative from the Department of
16 Justice would be representing defendant at trial.  *Id.* at 1–2.  He further stated that he needed only
17 the witness representing defendant at trial, to avoid paying the mileage fee for travel for multiple
18 witnesses, and stated that he intended to impeach this witness.  *Id.* at 2–4.  Plaintiff requested a
19 court order to compel "this evidence in time for him to solidify his request."  *Id.* at 4.  On
20 September 9, 2025, the magistrate judge issued a minute order noting that it was unclear what
21 relief plaintiff sought as plaintiff was not requesting information to facilitate a trial subpoena.
22 Doc. 196.  The magistrate judge advised plaintiff that, to the extent he intended to identify his
23 trial witnesses, he could do so in his pretrial statement which, at that time, was due on November
24 14, 2025.  *Id.*  To the extent plaintiff sought any further court order, the request was denied.  *Id.*
25 On September 25, 2025, plaintiff filed a motion for reconsideration of the September 9, 2025
26 order.  Doc. 197.
27       On September 29, 2025, plaintiff filed a supplemental motion for the attendance of
28 witnesses.  Doc. 198.  Plaintiff sought to add a third witness: a Deputy Attorney General who was

3

1   counsel for defendant at an earlier stage in this case.  *See id.* at 1.  Plaintiff also requested a "court
2   subpoena to impeach without fee."  *Id.* at 1–2.  On October 14, 2025, the magistrate judge issued
3   an order denying plaintiff's supplemental motion for the attendance of witnesses.  Doc. 203.  The
4   magistrate judge found that plaintiff's request for a trial subpoena for the third witness did not
5   comply with the procedures to obtain the attendance of unincarcerated witnesses set forth in
6   Court's scheduling order, Doc. 182, as plaintiff failed to provide the witness's location, and he
7   did not submit the required money order covering travel costs and the $40.00 daily witness fee.
8   Doc. 203 at 3.  The magistrate judge also reiterated that the Court cannot waive or pay these fees,
9   as no statute authorizes public funding for such expenses in civil cases.  *Id.*  On September 29,
10  2025, plaintiff filed a motion for reconsideration of the October 14, 2025 order.

11        Plaintiff's motions for reconsideration fail to show any error in the magistrate judge's
12  rulings.  As the magistrate judge found, plaintiff's motions did not comply with the court's prior
13  order setting out requirements to compel the attendance of unincarcerated witnesses.  There is no
14  basis to overturn the magistrate judge's orders.

15        **C.     Scheduling Order, Trial, and Witness-Fee Deadline**

16        On October 6, 2025, plaintiff filed a motion requesting that the Court issue a new
17  scheduling order, continue the trial date, and grant an extension of time for plaintiff to pay
18  witness fees.  Doc. 200.  Plaintiff represented that he needed a continuance of all deadlines
19  because he had been without sufficient supplies, claiming he received no materials for a month
20  and that he had spent three weeks in lockdown.  *Id.*  On October 9, 2025, the magistrate judge
21  issued an order denying plaintiff's motion, finding plaintiff had failed to establish good cause for
22  the relief requested.  Doc. 201.  Specifically, the magistrate judge found that plaintiff had
23  demonstrated that he had sufficient supplies to file pleadings and litigate this case, noting that his
24  motion at Doc. 200 was 46 pages long and that plaintiff had also filed six other documents since
25  August 28, 2025.  *Id.* at 2.  The magistrate judge found that plaintiff had had ample time to file
26  motions for the attendance of witnesses following the Court's June 12, 2025 scheduling order,
27  noted that plaintiff had previously been granted an extension of time to September 29, 2025 to file
28  such motions, and noted that this case has been pending since July 24, 2020.  *Id.*  Plaintiff filed a

motion for reconsideration of the magistrate judge's order on October 24, 2025. Doc. 207. Plaintiff's motion for reconsideration largely repeats the same or similar allegations and arguments that the magistrate judge correctly evaluated in denying plaintiff's motion. Plaintiff does not meaningfully challenge the magistrate judge's findings or identify any ruling that was clearly erroneous or contrary to law.

## III. CONCLUSION

For the reasons explained above:

1. Plaintiff's motion for reconsideration of the magistrate judge's order denying his motion to compel a court-appointed expert witness, Doc. 192, is denied;

2. Plaintiff's motion for reconsideration of the magistrate judge's order denying his motion for the attendance of witnesses, Doc. 197, is denied;

3. Plaintiff's motion for reconsideration of the magistrate judge's order denying his motion for a new scheduling order, continuance of the trial date, and for an extension of time to pay witness fees, Doc. 207, is denied; and

4. Plaintiff's motion for reconsideration of the magistrate judge's order denying his supplemental motion for the attendance of witnesses, Doc. 210, is denied.

IT IS SO ORDERED.

Dated:  December 2, 2025

UNITED STATES DISTRICT JUDGE

5