UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK A. FREGIA,<br><br>   Plaintiff,<br><br> v.<br><br>CHEN, et al.,<br><br>   Defendants. | Case No. 1:20-cv-01024-KES-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MOTION FOR DEFAULT RULING BE DENIED<br><br>(ECF Nos. 208)<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY (30) DAYS |

  Mark A. Fregia is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. The case proceeds to trial on plaintiff's Eighth Amendment claim against defendant Gosso for deliberate indifference to serious medical needs for allegedly denying Plaintiff medications while he was confined at the Substance Abuse Treatment Facility and State Prison (SATF) in Corcoran, California.

  On October 24, 2025, Plaintiff filed a motion for default ruling regarding Defendant's failure to submit a list of un-incarcerated witnesses by September 29, 2025. (ECF No. 208).

  For the reasons set forth below, the Court recommends denying Plaintiff's motion for a default ruling.

\\\
\\\

1

## I. BACKGROUND

On October 24, 2025, Plaintiff filed a motion for default ruling (ECF No. 208). Plaintiff argues that he should be entitled to a default judgment in this action because Defendant failed to file any motion for un-incarcerated witnesses and as a result, should be precluded from calling any of Defendant's witnesses at trial. (*Id.,* p. 3). Specifically, Plaintiff's alleges that Defendant has "attempted to submit (10) expert witness [sic], no limited to (9) CDCR staff who don't qualify as expert issues or merit expert witness jury instructions, credentials, or to be respected to testify as such." (*Id.*, p.2) Plaintiff argues these witnesses should be precluded because they were not mentioned in a motion for attendance of un-incarcerated witnesses. (*Id.*).

## II. ANALYSIS

The Court recommends that Plaintiff's motion for default ruling be denied because it misconstrues the requirements for a party to bring an un-incarcerated witness who agrees to voluntarily testify.

In support of his motion Plaintiff points to the Court's order (ECF No. 194), which granted Plaintiff an extension of time to file a motion for attendance of witnesses. (ECF No. 193) until September 29, 205. However, the extension applied to the portion of the Court's second issued scheduling order, which set out "Procedures for Obtaining Attendance of Un-incarcerated witness *who refuse to testify voluntarily.* (ECF No. 182, p. 4) (emphasis added). As the Court's second scheduling order also explained, no motion was required for a party to bring un-incarcerated witnesses who agree to testify voluntarily. (*Id.,* p.5).

Specifically, the order states:
**1. Procedures for Obtaining Attendance of Unincarcerated Witnesses Who Agree to Testify Voluntarily:**
It is the responsibility of the party who has secured an unincarcerated witness's voluntary attendance to notify the witness of the time and date of trial. No action need be sought or obtained from the Court.

(*Id.*).

Defendant's pre-trial statement identifies witnesses who are un-incarcerated and agree to testify voluntarily. Thus, Defendant was not required to submit a motion to secure the attendance of these witnessed by the September 29, 2025 deadline.

\\\

Accordingly, the Court recommends denying Plaintiff's motion for a default ruling. (ECF No. 208).

### III.   CONCLUSION AND RECOMMENDATIONS

Accordingly, IT IS RECOMMENDED as follows:

1. Plaintiff's motion for default ruling be DENIED. (ECF No. 208).

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any objections shall be limited to no more than fifteen (15) pages, including exhibits. Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **December 8, 2025**                    /s/ Erica P. Grosjean
                                                 UNITED STATES MAGISTRATE JUDGE