UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MARK A. FREGIA,

          Plaintiff,

   v.

LISA GOSSO,

          Defendant.

No.  1:20-cv-01024-KES-EPG

ORDER REGARDING PLAINTIFF'S OBJECTIONS TO THE TENTATIVE AMENDED PRETRIAL ORDER

ORDER DENYING PLAINTIFF'S REQUEST FOR ADMINISTRATIVE RELIEF

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

Docs. 235, 236, 237

Plaintiff Mark A. Fregia is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

The Court conducted a final pretrial conference, at which plaintiff Mark A. Fregia appeared pro per and Lyndsay Crenshaw and Jiaye Zhou appeared as counsel for defendant Lisa Gosso.  Doc. 219.  The Court entered a tentative pretrial order on December 8, 2025.  Doc. 220. Subsequently, following the filing of a notice of settlement, the trial date and trial-related deadlines were vacated.  Docs. 223, 224.  When the case did not resolve by settlement, a new trial date was set.  Doc. 228.  The Court issued a tentative amended pretrial order on February 11, 2026.  Doc. 231.

Plaintiff thereafter filed objections to the tentative amended pretrial order (Doc. 235); a request for administrative relief (Doc. 236); and an objection (Doc. 237) to the denial of his request for a court-provided transcript of the pretrial conference, which the Court construes as a

1

motion under Federal Rule of Civil Procedure 72(a) for reconsideration of the magistrate judge's non-dispositive order denying plaintiff's request for that transcript to be provided at court expense.

### A.    Plaintiff's Objections to the Tentative Amended Pretrial Order

In his objections to the tentative amended pretrial order, plaintiff (1) objects to defendant Gosso testifying by video at trial, (2) objects to defendant's expert witness Dr. Chamberlain testifying at trial, (3) objects to the use at trial of his prior criminal convictions for impeachment purposes, and (4) requests to impeach defense counsel, apparently with the requested transcript of the pretrial conference.  Doc. 235.

First, plaintiff objects to any request by defendant Gosso to appear or testify by video at trial.  Defendant Gosso indicated in her pretrial statement that she may make such a request depending on the status of her cancer treatment and her doctor's recommendation.  Doc. 215 at 13.  Following discussion with the parties at the pretrial conference, the tentative amended pretrial order set a briefing schedule on the issue of whether Gosso may testify at trial by video.  Doc. 231 at 16.  As set forth in the tentative amended pretrial order: "Any motion by defendant Gosso to appear or testify by video shall be filed by May 5, 2026.  Any opposition by plaintiff shall be filed by May 19, 2026." *Id.*  To date, defendant Gosso has not yet filed any such motion.  The Court will consider the issue, if needed, if a motion is filed consistent with the briefing schedule set forth above.

Second, plaintiff objects to Dr. Chamberlain testifying at trial, whether as an expert or in "any right."  Doc. 235 at 2.  Plaintiff's primary argument for excluding Dr. Chamberlain, defendant's expert witness, from testifying at trial is that the Court previously denied plaintiff's request for a court-appointed expert.  Plaintiff also asserts that Dr. Chamberlain is not involved in this case and could not be impartial.  As the Court previously noted, "nothing in the Court's order denying Plaintiff's request for a court-appointed expert (ECF No. 191) precludes Defendants from calling their own experts at trial."  Doc. 202.  Similarly, plaintiff was not precluded in this case from retaining and identifying an expert witness; rather, the Court denied plaintiff's request for a court-appointed expert.  Plaintiff's motion to exclude Dr. Chamberlain from testifying is

2

denied.  This ruling is without prejudice to plaintiff raising specific objections at trial, or in a motion in limine, to specific aspects of Dr. Chamberlain's testimony, if plaintiff has any such objections.

Third, plaintiff objects to the use against him at trial of his prior felony convictions for impeachment purposes.  Under Federal Rule of Evidence 609(a)(1)(A), evidence of a witness's prior criminal conviction for a crime punishable by death or imprisonment for more than one year must be admitted, subject to Rule 403.  Under Rule 609(a)(2), evidence of a prior criminal conviction "for any crime regardless of the punishment, . . . must be admitted if the court can readily determine that establishing the elements of the crime required proving—or the witness's admitting—a dishonest act or false statement."  But "if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later," the conviction is admissible only if (1) "its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect," and (2) "the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use."  Fed. R. Evid. 609(b).  The parties have not identified plaintiff's prior criminal conviction(s).  The Court will consider this issue if such specific evidence is identified.  The parties may address this issue by motion in limine or at trial.

Fourth, plaintiff requests that the Court provide him with a transcript of the pretrial conference to impeach defense counsel.  Plaintiff's request is not an objection to the tentative amended pretrial order.  The request for a court-provided transcript is denied for the reasons set forth in the magistrate judge's order (Doc. 232) denying plaintiff's request for such a transcript, and for the reasons further addressed below.  Plaintiff has also failed to show any basis on which the transcript of the pretrial conference would be admissible at trial.

### B.    Plaintiff's Motion for Reconsideration

Plaintiff's motion for reconsideration, Doc. 237, concerns the magistrate judge's order (Doc. 232) denying plaintiff's request for a court-provided transcript of the pretrial conference.  Plaintiff's motion appears to argue that he should be allowed to introduce a full or partial transcript of the pretrial conference as an exhibit at trial.

3

A party may object to a magistrate judge's non-dispositive pretrial order within fourteen (14) days after service of the order.  *See* Fed. R. Civ. P. 72(a).  The magistrate judge's order will be upheld unless it is "clearly erroneous or contrary to law."  *Id.*; 28 U.S.C. § 636(b)(1)(A).  "This means that the Court will review the magistrate judge's factual findings for clear error and legal conclusions de novo."  *Adidas Am., Inc. v. Fashion Nova, Inc.*, 341 F.R.D. 263, 265 (D. Or. 2022).  The "clearly erroneous" standard applies to a magistrate judge's factual findings and discretionary decisions.  *Comput. Econ., Inc. v. Gartner Grp., Inc.*, 50 F. Supp. 2d 980, 983 (S.D. Cal. 1999) (citing *Maisonville v. F2 Am., Inc.*, 902 F.2d 746, 748 (9th Cir. 1990)).  "[R]eview under the clearly erroneous standard is significantly deferential, requiring a definite and firm conviction that a mistake has been committed."  *Sec. Farms v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen & Helpers*, 124 F.3d 999, 1014 (9th Cir. 1997).  The objecting party has the burden of showing that the magistrate judge's ruling is clearly erroneous or contrary to law.  *In re eBay Seller Antitrust Litig.*, No. C 07-1882 JF (RS), 2009 WL 3613511, at *1 (N.D. Cal. Oct. 28, 2009).

In considering plaintiff's request for a court-provided transcript, the magistrate judge noted that plaintiff "cited no legal authority requiring the Court to pay to provide Plaintiff with a copy of a transcript from a pre-trial conference" and that plaintiff "may request a copy from the Clerk of Court for a fee."  Doc. 232 at 2 (citing Fed. R. Civ. P. 30(f)(3)).  To the extent plaintiff's motion for reconsideration directly challenges the magistrate judge's ruling, it does not meaningfully address the basis of that decision and does not satisfy plaintiff's burden to show that the challenged order was clearly erroneous or contrary to law.  Additionally, to the extent plaintiff's motion seeks the transcript for the purpose of introducing it in evidence at trial to "impeach" defense counsel, *see* Doc. 235 at 4, plaintiff has not identified any basis on which the transcript would be admissible at trial.

Plaintiff's motion for reconsideration is denied.

### C.    Plaintiff's Request for Administrative Relief

Plaintiff's request for administrative relief, Doc. 236, appears to challenge the restitution amount he owes arising from a state court judgment in an unrelated case.  The requested relief is

4

not properly directed to this Court, as this Court does not have authority to modify the restitution amount or other aspects of plaintiff's state court judgment. *See Rucker v. Paden*, No. 1:11-CV-00904 OWW, 2011 WL 2433364, at *3 (E.D. Cal. June 13, 2011) ("To the degree Plaintiff asks this Court to review or modify a state court order or judgment, the *Rooker–Feldman* doctrine precludes such review."). Accordingly, plaintiff's request for administrative relief (Doc. 236) is denied.

## II.    CONCLUSION

For the reasons explained above:

1.    Plaintiff's objections to the tentative amended pretrial order, Doc. 235, are addressed as set forth above;

2.    Plaintiff's motion for reconsideration, Doc. 237, is denied;

3.    Plaintiff's request for administrative relief, Doc. 236, is denied; and

4.    The tentative amended pretrial order, Doc. 231, shall become final upon entry of this order.

IT IS SO ORDERED.

Dated:    April 7, 2026

UNITED STATES DISTRICT JUDGE

5