UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MARK A. FREGIA,

　　　　　　Plaintiff,

　　v.

LISA GOSSO,

　　　　　　Defendant.

No.  1:20-cv-01024-KES-EPG

ORDER ON DEFENDANT'S MOTIONS IN LIMINE

Docs. 240, 244

Plaintiff Mark A. Fregia is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983.  This case is set for a jury trial on July 28, 2026, on plaintiff's Eighth Amendment claim against defendant Gosso for deliberate indifference to serious medical needs for allegedly denying plaintiff medication while he was confined at the Substance Abuse Treatment Facility and State Prison (SATF) in Corcoran, California.  Pending before the Court are four motions in limine filed by defendant Gosso.  Doc. 240.  Plaintiff filed objections to the motions in limine.  Doc. 244.

## I.    LEGAL STANDARD

"A motion in limine is a procedural mechanism to limit in advance testimony or evidence in a particular area."  *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009) (citation omitted).  Motions in limine "allow parties to resolve evidentiary disputes ahead of trial, without first having to present potentially prejudicial evidence in front of a jury."  *Brodit v. Cambra*, 350

1

F.3d 985, 1004–05 (9th Cir. 2003); *see also City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1070 (9th Cir. 2017) (motions in limine "are useful tools to resolve issues which would otherwise clutter up the trial") (quoting *Palmerin v. City of Riverside*, 794 F.2d 1409, 1413 (9th Cir. 1986)).  Judges have broad discretion when ruling on motions in limine.  *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002).

A motion in limine is ordinarily granted only if the evidence at issue is inadmissible on all potential grounds.  *United States v. Holmes*, No. 5:18-CR-00258-EJD-1, 2021 WL 2044470, at *3 (N.D. Cal. May 22, 2021).  If not, the evidentiary ruling is better deferred until trial, "so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context."  *United States v. Pac. Gas & Elec. Co.*, 178 F. Supp. 3d 927, 941 (N.D. Cal. 2016).  Such "rulings are not binding on the trial judge, and the judge may always change his mind during the course of a trial."  *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000) (citing *Luce v. United States*, 469 U.S. 38, 41–42, (1984)).

## II.    DISCUSSION

### A.    Defendant's Motion in Limine No. 1

Defendant's first motion in limine seeks to preclude plaintiff from offering lay opinions or inferences about the nature or extent of his alleged injuries and proper medical treatment, pursuant to Federal Rules of Evidence 701 and 702.  Plaintiff's objections do not undermine defendant's argument.  Doc. 244.[1]

"Opinions about medical causation, diagnosis, and prognosis can only be rendered based on specialized knowledge held by an expert qualified by medical education, experience, and training."  *Cotton v. Medina*, No. 1:22-CV-00568-JLT-EPG (PC), 2026 WL 143140, at *12 (E.D. Cal. Jan. 20, 2026) (citing Fed. R. Evid. 701, 702).  Under Federal Rule of Evidence 701, nonexpert opinion testimony must be "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not

---

[1] To the extent plaintiff's objections restate his prior requests—including for a court-appointed expert witness, and for use of various court filings in this case to "impeach" defense counsel at trial—those requests have already been addressed as set forth in prior orders.  Docs. 217, 238, 252.

2

based on scientific, technical, or other specialized knowledge within the scope of Rule 702."

Rule 702 provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

Fed. R. Evid. 702.

Defendant's motion is GRANTED.  As a nonexpert witness, plaintiff may testify as to his own observations and sensations relating to his medical condition and symptoms.  But plaintiff may not offer opinions concerning his medical diagnosis or prognosis, or regarding the medical causation of his alleged injuries.  Nor may plaintiff offer opinions interpreting medical records, treatment guidelines or regulations, or medical studies.  Such testimony requires scientific, technical, or other specialized knowledge beyond that of a lay witness and therefore does not satisfy Rule 701's requirements.  Fed. R. Evid. 701(c); *see also Tobeler v. Colvin*, 749 F.3d 830, 833 (9th Cir. 2014) (recognizing medical diagnoses are beyond the competence of lay witnesses); *Calloway v. Hayward*, No. 108CV01896LJOGSAPC, 2017 WL 363000, at *3, *6 (E.D. Cal. Jan. 24, 2017) (precluding lay opinion testimony interpreting medical records).

**B.      Defendant's Motion in Limine No. 2**

Defendant's second motion in limine seeks to exclude evidence or testimony regarding defendant, defense counsel, or other parties' alleged misconduct unrelated to plaintiff's underlying claim against defendant Gosso, pursuant to Federal Rules of Evidence 401, 403, and 404(b).  Defendant's motion notes that plaintiff has repeatedly accused counsel and other non-parties of engaging in fraud and conspiracy while litigating this case.  *See, e.g.*, Doc. 244 at 2.  Plaintiff objects to this motion but does not substantively address defendant's arguments.  *Id.* at 4–6.

3

Federal Rule of Evdence 401 provides that evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action." Under Rule 404(b)(1), "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." However, evidence of another crime, wrong or act may be admissible to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2).

Under Rule 404(b)(2), for such other act evidence to be admissible the following criteria must be met: "(1) the evidence tends to prove a material point; (2) the other act is not too remote in time; (3) the evidence is sufficient to support a finding that [the] defendant committed the other act; and (4) (in certain cases) the other act is similar to the offense charged." *United States v. Allen*, 159 F.4th 625, 635 (9th Cir. 2025) (alteration in original) (quoting *United States v. Cox*, 963 F.3d 915, 924 (9th Cir. 2020)). Evidence admissible under Rule 404(b) remains subject to review under Rule 403. *Id.* (citing *Cox*, 963 F.3d at 925). Relevant evidence may be excluded under Rule 403 "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Plaintiff has not identified any basis for the admission of any evidence under Rule 404(b)(2).

Defendant's motion is GRANTED to the extent that defendant may not introduce testimony or argument concerning allegations of unrelated wrongdoing that do not concern plaintiff's claim that, in January 2018, defendant Gosso was deliberately indifferent to his serious medical needs. Plaintiff has not shown that his various allegations of wrongdoing by counsel or other parties, many years after the 2018 incident that is at issue in this trial, have any probative value, or that they are relevant to plaintiff's claim that defendant Gosso was deliberately indifferent to his serious medical needs in 2018. Even if there were any probative value to such unrelated allegations, it is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, and wasting time at trial. *See* Fed. R. Evid. 403.

///

4

**C.      Defendant's Motion in Limine No. 3**

Defendant's third motion in limine seeks to exclude evidence that the State may pay a judgement rendered against defendant, pursuant to Federal Rules of Evidence 401, 403, and 411. Plaintiff objects to this motion, but he does not cite any applicable authority, identify any legitimate purpose for which such evidence would be admissible, or make any argument as to why the protections of Rule 411 should not apply here.  *See* Doc. 244 at 6–15.

Defendant's motion is well supported and is GRANTED.  As one court observed:

> Other courts in this District have granted similar motions.  *See Calloway v. Hayward*, No. 108CV01896LJOGSAPC, 2017 WL 363000, at *4 (E.D. Cal. Jan. 24, 2017) (citing Fed. R. Evid 411 when granting motion in limine to exclude evidence that the state may pay the judgment in a prisoner civil rights case because "such evidence is inadmissible, irrelevant, and prejudicial to Defendants"); *Saenz v. Reeves*, No. 1:09-CV-00057-BAM PC, 2013 WL 2481733, at *4 (E.D. Cal. June 10, 2013) ("Information regarding whether the State or CDCR would pay any verdict or reimburse Defendant for any compensatory damage award is not relevant to Plaintiff's First Amendment retaliation claim or his Eighth Amendment conditions of confinement claim.  Fed. R. Evid. 401.  Even if such information were relevant, it should be excluded because its probative value is substantially outweighed by both a danger of unfair prejudice and a danger of confusing the issues. Fed. R. Evid. 403.").

*Lane v. Beach*, No. 120CV00147JLTGSAPC, 2023 WL 5183685, at *2 (E.D. Cal. Aug. 11, 2023).  Here too, for the reasons identified in *Lane*, evidence that the State may indemnify defendant is excluded.  Plaintiff may not present or elicit such testimony or make such an argument at trial.

**D.      Defendant's Motion in Limine No. 4**

Defendant's fourth motion in limine seeks to exclude evidence or testimony of offers to compromise, pursuant to Federal Rules of Evidence 401, 403, and 408.

Plaintiff objects to this motion and appears to rely on California Senate Bill No. 1421 and section 832.7 of the California Penal Code to assert that no compromise is considered confidential.[2]  Doc. 244 at 16.  But the admissibility of evidence in this federal question action is

---

[2] California Senate Bill No. 1421 ("SB 1421") "revised the state's law on privilege and confidentiality of peace officer personnel records," *Washington v. Hicks*, 2021 WL 5967906 at *6 (E.D. Cal. Dec. 16, 2021), by amending "California Penal Code Section 832.7 to allow disclosure under the California Public Records Act (CPRA) of records" relating to, among other

governed by the Federal Rules of Evidence, not state law.  *See* Fed. R. Evid. 101; *Jones v. Ayon*, No. 1:21-CV-00809-JLT-SAB (PC), 2023 WL 7005003, at *5 (E.D. Cal. Oct. 24, 2023) (rejecting application of SB 1421 in federal civil rights action); *cf. Primiano v. Cook*, 598 F.3d 558, 563 (9th Cir. 2010) (admissibility of evidence in diversity action generally governed by federal law).

Federal Rule of Evidence 408 limits the admission of evidence from settlement negotiations.  Under Rule 408(a), evidence of a settlement, including offers and negotiations, is not admissible "to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction."  While such evidence may be admitted under Rule 408(b) "for another purpose, such as proving a witness's bias or prejudice, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution," plaintiff does not allege or establish any such basis for the admission of such evidence.  Plaintiff has not shown any basis for the admission of such evidence under Rule 408(b).

Defendant's motion is GRANTED.  At trial, plaintiff may not introduce evidence from the parties' settlement negotiations or settlement communications or make any argument regarding such settlement negotiations or communications.  Based on the present record, the fact that settlement negotiations occurred has no tendency to make any fact of consequence to plaintiff's deliberate indifference claim more or less probable.  Even if there were any relevance to such evidence, its probative value would be substantially outweighed by the risk that the jury would draw improper inferences regarding liability or damages.  Fed. R. Evid. 401, 403.  If plaintiff believes that the admission of specific such evidence has become warranted based on developments at trial, plaintiff must firwst make a showing to the Court outside the presence of the jury.

///

///

things, serious use of force or serious dishonesty.  *Ventura County Deputy Sheriffs' Assn., v. County of Ventura*, 61 Cal. App. 5th 585, 589 (2021).

6

**III.    CONCLUSION**

Based upon the foregoing, the Court **ORDERS**:

1.    Defendant's Motions in Limine Nos. 1 through 4 (Doc. 240) are GRANTED as set forth above and as stated at the hearing on May 21, 2026.

IT IS SO ORDERED.

Dated:    May 22, 2026

_____
UNITED STATES DISTRICT JUDGE

7