UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK A. FREGIA, | No. 1:20-cv-01024-KES-EPG |
| Plaintiff, | ORDER DENYING DEFENDANT'S MOTION TO ATTEND THE TRIAL BY VIDEO/AUDIO, AND DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION TO TESTIFY BY VIDEO |
| v. | |
| LISA GOSSO, | |
| Defendant. | Doc. 249 |

Defendant Lisa Gosso moves for leave to attend the trial in this action by video due to her medical condition. Doc. 249. She also moves to testify at trial by video under Federal Rule of Civil Procedure 43. *Id.* Plaintiff Mark A. Fregia filed objections to Gosso's motion, noting that Gosso has not submitted a doctor's note or other medical documentation supporting her motion. Doc. 268. Gosso filed a reply. Doc. 279. Gosso's motion is denied to the extent she seeks to have the trial streamed so that she may attend the entire trial by video or audio. To the extent Gosso seeks to testify by video when called as a defense witness at trial, her motion is denied without prejudice.

In support of her motion, defendant Gosso submits a declaration attesting that she would be required to travel approximately sixty-eight miles to attend trial. Doc. 249-1 at 1. Gosso states that she needs frequent access to the restroom due to her medical history and that it would be difficult to take her prescribed medication on schedule in the courtroom setting. *Id.* at 1–2.

1

Gosso also states: "I am considered immunocompromised, making me more vulnerable to infectious diseases like the common cold." *Id.* at 2. Gosso believes that "traveling to and sitting in the court room" during trial "would be exhausting and have a negative impact on [her] health." *Id.* In her reply, Gosso requests that, "[i]n the alternative, should the Court be disinclined to permit Ms. Gosso to attend all portions of the trial remotely, . . . she be permitted to appear in person solely for her own testimony and appear remotely for the remainder of the trial." Doc. 279 at 2.

As to Gosso's request that the Court stream the trial and issue an order "permitting Ms. Gosso to attend trial either by video or phone," including "[w]hen Ms. Gosso is not testifying," Doc. 249 at 4, such video streaming of the trial for a party is not permitted. *See Epic Games, Inc. v. Apple Inc.*, No. 4:20-CV-05640-YGR, 2021 WL 2350812, at *1 (N.D. Cal. Apr. 21, 2021) (recognizing that "the Court is not allowed to live stream or provide live video access to the parties or to the public for live testimony such as trials."). Gosso does not cite to any authority that would authorize such live video or audio streaming of the trial.

It appears from Gosso's reply that she may intend to testify in person at the trial. To the extent Gosso still seeks to testify by video, her motion is denied without prejudice to her further documenting a medical need for such remote testimony. Under Federal Rule of Civil Procedure 43, courts may permit remote testimony "[f]or good cause in compelling circumstances and with appropriate safeguards." Fed. R. Civ. P. 43(a). The Ninth Circuit has recognized that "remote testimony is the exception, and live, in-person testimony is strongly preferred." *In re Kirkland*, 75 F.4th 1030, 1043–44 (9th Cir. 2023). In certain circumstances, medical illness may establish a justification for remote testimony. *See* Fed. R. Civ. P. 43(a) advisory committee's note to 1996 amendment.

Gosso's filings appear to largely reflect her concerns with appearing in person for the entirety of the trial, which the parties estimate will take three days. Gosso's trial testimony can presumably be completed in less than a day, based on the nature of this case. Given that her testimony would require her appearance only for a limited portion of the trial, it appears that her concerns may be addressed through reasonable accommodations during her testimony, such as

taking additional recesses to the extent needed.  To the extent that appearing in person during the limited time of her testimony would nonetheless pose a medical risk to Gosso, she may renew her motion with further support establishing that her medical condition would prevent her from traveling to court or appearing in person even for the limited time of her testimony.

Accordingly, Gosso's motion to appear via video or audio for the entirety of the trial (Doc. 249) is denied.  To the extent Gosso seeks to testify remotely pursuant to Rule 43, her motion is denied without prejudice to her further documenting that it is not medically warranted for her to travel or appear in court for her testimony.  Any renewed motion shall be filed at least twenty-one (21) days before trial, and any opposition shall be filed within ten (10) days of the filing of a renewed motion.

IT IS SO ORDERED.

    Dated:    June 11, 2026    

_____
UNITED STATES DISTRICT JUDGE

3