UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK A. FREGIA,<br>Plaintiff,<br>v.<br>LISA GOSSO,<br>Defendant. | No. 1:20-cv-01024-KES-EPG<br>ORDER DENYING PLAINTIFF'S REQUEST FOR RELIEF UNDER THE ALL WRITS ACT, AND DENYING PLAINTIFF'S REQUESTS FOR ADMINISTRATIVE RELIEF, DOCUMENTATION, SANCTIONS, AND INJUNCTIVE RELIEF<br>Doc. 265, 282 |

Plaintiff Mark A. Fregia is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. This case is set for a jury trial on August 11, 2026, on plaintiff's Eighth Amendment claim against defendant Gosso for deliberate indifference to serious medical needs for allegedly denying plaintiff medication while he was confined at the Substance Abuse Treatment Facility and State Prison (SATF) in Corcoran, California.

On May 20, 2026, plaintiff filed a request for relief pursuant to the All Writs Act, alleging that his "important trial documents have been sabotaged" at Mule Creek State Prison, where he is currently confined. Doc. 265. Plaintiff alleged that his documents were tampered with during a cell move on May 14, 2026. *Id.* He requested that the June 9, 2026 trial date be vacated pending

an investigation.[1] Doc. 265 at 6, 7. Plaintiff filed supplemental pleadings in connection with his request. Docs. 269, 270.

At the trial confirmation hearing on May 21, 2026, the court continued the trial to July 28, 2026, to allow additional time for plaintiff to prepare for trial.[2] The court requested that defense counsel respond to plaintiff's claim that his documents had been tampered with during a cell move on May 14, 2026.

Defendant filed a response to plaintiff's request and lodged extensive video footage documenting the handling and move of plaintiff's belongings on May 14, 2026, addressing plaintiff's claim that prison authorities had tampered with his documents. Docs. 274, 275. Plaintiff filed a reply and requests for administrative relief, documentation, sanctions, and injunctive relief. Doc. 282.

Defendant states in her response:

> Plaintiff was moved on May 14, 2026, as the direct result of a disciplinary process that Plaintiff does not dispute. Two months prior, Plaintiff violated Title 15, California Codes of Regulations section 3005(a) by being overfamiliar with staff by using inappropriate, lascivious language. A Rules Violation Report (RVR) was issued. (*See* Exhibit 1.) Plaintiff pled guilty to disrespect and was found guilty on May 4, 2026. As a consequence, Plaintiff was placed on a "soft C-status," requiring him to reside in Building 1.
>
> * * *
>
> The AVSS footage from May 14, 2026, directly contradicts Plaintiff's claim that staff sabotaged his legal documents. (*See* Exhibit 3.) Instead, the footage shows that prison officials acted professionally and with care throughout the transfer. Rather than confiscating or destroying any property, staff followed the policies, cataloged Plaintiff's belongings on an Inmate Property Inventory form, and transported everything to his new cell using a cart. (*See* Exhibit 4.) The video clearly shows one transparent storage box containing documents and several plastic bags with paper, all of which were moved intact. Inmate porters even assisted in organizing Plaintiff's property, including folding his sheets and blanket. No property was confiscated and no property was depicted being left behind or on the podium, as Plaintiff claimed at the trial confirmation

---

[1] At the time of plaintiff's filing, a jury trial was set for June 9, 2026. *See* Doc. 239.

[2] The court subsequently continued the trial to August 11, 2026, at defendant's request for good cause shown; plaintiff did not oppose the continuance to August 11, 2026. *See* Docs. 274, 281, 285.

> hearing.
>
> On May 21, 2026 — one week after the move — prison staff came to Plaintiff's new cell in Building 1 and confirmed that Plaintiff had his legal documents in his possession and photographed his cell at the request of the Attorney General's office. Those photographs show Plaintiff's storage box on the floor of his cell and yellow legal binders on top of his bunk. (*See* Exhibit 5.)

Doc. 274 at 2-3.

Under the All Writs Act, federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). "The power conferred by the Act extends, under appropriate circumstances, to persons who, though not parties to the original action or engaged in wrongdoing, are in a position to frustrate the implementation of a court order or the proper administration of justice, and encompasses even those who have not taken any affirmative action to hinder justice." *United States v. New York Tel. Co.*, 434 U.S. 159, 174 (1977) (footnote and citations omitted).

"Thus, use of the All Writs Act is appropriate in prisoner civil rights cases where non-party correctional officials are impeding the prisoner-plaintiff's ability to litigate his pending action." *Hammler v. Haas*, 2019 U.S. Dist. LEXIS 48377, *3-4 (E.D. Cal., Mar. 22, 2019); *see also Mitchell v. Haviland*, 2015 U.S. Dist. LEXIS 109106, *5 (E.D. Cal., Aug. 18, 2015) ("Use of the All Writs Act is appropriate in cases where prison officials, not named as defendants, allegedly have taken action that impedes a prisoner's ability to litigate his case"); *Lopez v. Cook*, 2014 U.S. Dist. LEXIS 52198, 2014 WL 1488518 (E.D. Cal., Apr. 15, 2014) (issuing an order under the All Writs Act requiring prison officials to provide Plaintiff, who was in the Segregated Housing Unit for non-disciplinary reasons, with two contact visits with his counsel). However, "injunctive relief under the All Writs Act is to be used sparingly and only in the most critical and exigent circumstances," and only "if the legal rights at issue are indisputably clear." *Brown v. Gilmore*, 533 U.S. 1301, 1303 (2001) (citations and internal quotation marks omitted).

The court has reviewed the video evidence and other documentation submitted in connection with plaintiff's request for relief under the All Writs Act. The evidence does not support plaintiff's claim that his records were tampered with. Plaintiff's allegation of tampering

is entirely unsupported. He has not shown that prison officials or staff at Mule Creek State Prison are currently impeding his ability to litigate this action. Based on the evidence submitted by defendant (including a declaration, exhibits, and AVSS footage, *see* Docs. 274-1, 275), plaintiff's allegations are unsubstantiated. Injunctive relief under the All Writs Act is to be used sparingly, and plaintiff has not met the requirements for the relief he seeks.

Additionally, plaintiff has now had more than two months since his cell transfer to organize his materials and prepare for trial. At the trial confirmation hearing, the court granted plaintiff's request for a continuance and continued the trial to July 28, 2026, based on his representation that he needed additional time to prepare for trial. *See* Doc. 266. The court subsequently continued the trial to August 11, 2026, at defendant's request, after plaintiff confirmed that he had no objection to that further continuance. *See* Docs. 281, 285.

Plaintiff's additional requests for administrative relief, documentation, sanctions, and injunctive relief, *see* Doc. 282, consist of unsubstantiated allegations that fail to identify any cognizable entitlement to relief and that are unrelated to the deliberate medical indifference claim at issue in this case. Plaintiff's requests are denied.

IT IS SO ORDERED.

Dated: July 31, 2026

UNITED STATES DISTRICT JUDGE